MHU

IN THE NORTHERN DISTRICT COURT OF ILLINOIS
WESTERN DIVISION

**FILED**
JAN 0 6 2009 TC
1-6-2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08cv6810

| | |
|---|---|
| Terence Bruce Richards ) | |
| Plaintiff ) | |
| ) | |
| Vs. ) | Case Number 08 CV 68 |
| ) | |
| United States of America, Department of ) | |
| Justice, County of Lake, City of Waukegan, ) | District Judge: |
| Federal Defender Program, HSBC Technology ) | David Coar |
| & Services (USA) Inc.; Manual Barbosa; ) | |
| James E. Stevens; Daniel Kleinhubert; ) | Magistrate Judge: |
| Detective Szuchnicki; Paul Flynn; Susan ) | Geraldine Soat-Brown |
| Hansen and James Harrington ) | |
| Defendant(s) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO
CITY OF WAUKEGAN AND DETECTIVE SZUCHNICKI
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR JUDGMENT
ON THE PLEADINGS, PURSUANT TO Fed. R. Civ. P. 12**

Now Comes, Terence Bruce Richards, and move this Honorable Court pursuant to Fed. Rules Civ. Proc. 12(b), to deny CITY OF WAUKEGAN and DETECTIVE SZUCHNICKI, motion to dismiss, pursuant to Fed. R. Civ. Proc. 12(b)(1), 12(b)(6) and 12(c) to dismiss the complaint filed in the above-captioned matter with prejudice or in the alternative to enter judgment on the pleadings based upon certain affirmative defenses. In support, Plaintiff Terence Bruce Richards, submits the following Memorandum of Law:

## RES JUDICATA

### Prior State Law Claims

One of the alleged dispostive issues in this instant action is whether the court order entered by state Judge Margaret Mullens of the Circuit Court of Lake County entered on November 3rd, 2005 disposing of the case 05 L 369 (filed on April 25th, 2005) and Case 05 L 492 (filed on June 8th, 2005) is a final order on the merits under Illinois law, only a final order is res judicata for subsequent litigation. See *People Vs. Kidd* 398 Ill. 405; 75 N.E.2d 851 (1947); *Schmitt Vs. Woods* 75 Ill. App.3d 498; 392 N.E.2d 55(1979).

The Illinois controlling law is Illinois Supreme Court Rule 273, that rule provides:

> Unless the order of dismissal or a statute of this state otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, or for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.

Formerly Ill. Rev. Stat. Ch. 110A ¶273 (1979)(emphasis added)

Circuit Court Judge Cudahy, of the Seventh Circuit Court of Appeals, as cited in *Harl Vs. City of La Salle* 679 F.2d 123 (1982) believes the statute referenced by "otherwise specifies" is 735 ILCS 5/13-216 which states as follows:

> Stay of action; when the commencement of an action is stayed by an injunction, order of a court, or statutory prohibition, the time of the continuance, of an injunction or prohibition is part of the time limited for the commencement of the action.

In addition, Illinois decisions have squarely held that 735 ILCS 5/13-216 is one of the statutes which may "otherwise specify" in the terms of Rule 273. *Kutnick Vs. Grant* 65 Ill.2d 177; 2 Ill.Dec. 313, 315; 351 N.E.2d 480, 482 (1976) *O'Reilly Vs. Gerber* 95 Ill.App.3d 947; 51 Ill.Dec. 11, 13-14; 420 N.E.2d 425, 427-28 (1st Dist. 1981).

Moreover, "It is clear from a perusal of (Illinois) cases that a dismissal for want of prosecution has always been considered not to be an adjudication on the merits, to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues. *O'Reilly Vs. Gerber* 95 Ill.App.3d. 947; 51 Ill.Dec. 11, 13; 420 N.E.2d. 425, 427 (1st Distr. 1981). Thus, the issue before the court, is ultimately, becomes one of whether the November 3rd, 2005 order of dismissal is one "for want of prosecution" *Harl Vs. City of La Salle* 679 F.2d 123 (1982).

Based on the case *O'Reilly Vs. Gerber* 95 Ill.App.3d 947; 51 Ill.Dec. 11; 420 N.E.2d. 425 (1st Dist. 1981). The trial court granted defendant's motion to strike the plaintiff's complaint but allowed plaintiff 28 days to file an amended complaint. Plaintiff did not file an amended complaint and defendant subsequently gave notice that he would move for a dismissal in 10 days. Several days later, plaintiff gave notice that she would seek a voluntary dismissal of the action on the same day defendant sought a dismissal.

The trial court heard both motions on the same day and, notwithstanding that plaintiff could still dismiss the case at this point if she paid the costs. The trial court granted the defendant's motion with prejudice. "Because the plaintiff has no complaint on file having failed to comply with this court's order of November 22nd, 1978" 51 Ill. Dec. at 12; 420 N.E.2d at 426.

The Appellate Court held that the trial court correctly refused plaintiff's request for voluntary dismissal since plaintiff refused to tender costs. 51 Ill. Dec. at 12, 420 N.E.2d at 426. But, the appellate court held that the trial court incorrectly granted defendant's motion for dismissal with prejudice because the only plausible ground for the dismissal was want of prosecution since it is not a final order, must be without prejudice. The appellate court explained:

> The trial court did not use the words "dismissal for want of prosecution" in its order. However, a suit may be dismissed for want of prosecution for the failure or refusal to file an amended complaint (3 Nichols Illinois Civil Practice §2848), and it seems clear that was what the Court was doing here. Thus, it seems equally clear that the dismissal should have been without prejudice.

51 I.. Dec. at 13; 420 N.E.2d at 427.

In the instant action, Margaret Mullens did not use the magic words 'dismissal for want of prosecution". Plaintiff Richards, would like to bring to the court's attention, that his case is similar to the *O'Reilly's* case, in that they are both dismissed, only after plaintiff failed to amend pleadings within the time allowed in a previous order.

Further, *Brainerd Vs. First Lake County National Bank* 1 Ill.App.3d 780, 275 N.E.2d 468 (1st Dist. 1971), the trial court dismissed plaintiff's first complaint for failure to state a cause of action but allowed plaintiff additional time to file an amended complaint. In that case, plaintiff did not amend the complaint, and the trial court subsequently dismissed action for failure to amend. Thereafter, plaintiff, subsequently appealed. *Brainerd Vs. First Lake County National Bank* 109 Ill.App.2d 251 248 N.E.2d 542 (1st Dist. 1969). A second suit was then instituted by plaintiff, against the same defendant on the same claim. Defendant moved to dismiss the under Ill. Rev. Stat. Ch.

110 §48(1)(d), on the grounds that the suit was barred by previous judgment, and the trial court granted the motion. On appeal, plaintiff contended that the dismissal in the first case was not a final adjudication on the merits and thus should not bar the second action. The appellate court disagreed, noting that a dismissal of a pleading, after an election to stand the pleading, was a final order and a res judicata bar to subsequent suits, under Rule 273 and under Illinois common law, 275 N.E.2d. at 469-70.

In *Harl Vs. City of La Salle*, the defendant incorrectly asserted 'that a dismissal for failure to file an amended complaint after the original is dismissed constitutes an election to stand on plaintiff's part to stand on his original, stricken complaint". There was nothing in the *Harl* record, to indicate however, that *Harl* elected to stand on her complaint after the September 3rd, order of dismissal. *Brainard*, on the other hand, suggest that it is not the failure to amend, but rather the taking of an appeal or other action challenging the trial court decision that constitutes an election to stand on a stricken complaint. Cf. *People ex. Rel. Scott Vs. Carriage Way West Inc.* 88 Ill.App.3d 297, 43 Ill.Dec. 384, 387-88; 410 N.E.2d 384, 387-88 (1st Dist. 1980), rev'd on other grounds 88 Ill.2d 300, 58 Ill.Dec. 754; 430 N.E.2d. 1005 (1981)(state elected to stand on its complaint by bringing mandamus action after court struck complaint); *Campbell Vs. Harrison* 16 Ill.App.3d 570; 306 N.E.2d 643, 644-45 (1st Dist. 1978)(plaintiff elected to stand on dismissed complaint by bringing appeal). In the instant action, Plaintiff Richards, did nothing to stand on the Circuit Court of Lake County cases 05 L 369 and 05 L 492.

### Northern Illinois District Court Case 07 CV 2656

The second alleged dispostive issue in this instant action is in regards to the dismissal of the Northern Illinois District Court case 05 CV 2656. Plaintiff Terence Bruce Richards contends that the dismissal was not a final judgment, but rather was a dismissal for lack of jurisdiction. Citing Luker Vs. Nelson 341 F.Supp. 111 (N.D. Ill 1972).

Plaintiff, Terence Bruce Richards, asserts this based on the premise that the Luker Vs. Nelson 341 F.Supp. 111 (N.D. Ill. 1972) interpreted the state court's dismissal for failure to provide notice under the former law 745 ILCS 10/8-102, currently, 745 ILCS 10/8-101(combined 745 ILCS 10/8-101 and 102) as a dismissal for lack of jurisdiction Luker 341 F.Supp. at 115.

The Seventh Circuit Court of Appeals has indicated that Luker was correct and that a dismissal under §8-102 is merely jurisdictional in nature and not a final judgment under Illinois Supreme Court Rule 273.

The defendant's City of Waukegan and Detective Szuchnicki hav admitted that only with service of notice of the current suit, that they only learn of the lawsuit during the course procedurally investigating the above captioned matter (Def. Memo of Law (Docket # 43, pg. 3, ¶ 1).

## Statute of Limitations

Though the length of a limitations period applicable in a §1983 claim is borrowed from state law, federal courts use the federal common law to determine when a period should begin to run, when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. Wilson Vs. Geisen 956 F.2d 738, 740 (7th Cir. 1992). Civil Rights actions therefore accrue when the plaintiff knows or should have known of the constitutional violation *id*. For federal claims, the discovery rule is a supplemental accrual related doctrine not a tolling doctrine. Cathedral of Joy Vs. Village of Hazel Crest 72 F.3d 713 (7th Cir. 1994). Cada Vs. Baxter Healthcare Corp. 920 F.2d 446, 450-51 (7th Cir. 1990).

Borrowing a state limitations period does not cause federal limitations law in this area wholly to replicate state limitations law, while the length of a period is determined by reference to state law, when a period begins remains a distinct federal issue. Cada at 450-51 (7th Cir. 1990). Whether a federal cause of action has accrued is a question of fact. Cathedral of Joy 22 F.3d at 719, Cada 920 F.2d at 453.

The accrual process can be tolled under a hostile discriminatory condition. For example, in National Railway Passenger Corp. Vs. Morgan 536 U.S. 101; 122 S.Ct. 2061; 153 L.Ed.2d. 106 with respect to hostile environment claims, the Supreme Court believe that *Morgan* demonstrates "[a] hostile work environment claim is comprised of a series of separate acts that collectively constitute one "unlawful employment practice" *Morgan* 122 S.Ct. at 2074. Consequently, "provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purpose of determining liability". *Id*

In the present case, Plaintiff Richards, has and continues to be subjected to a hostile discriminatory environment. Plaintiff, Terence Richards, was robbed of his property, by third party Donald James Harrington, his employment by HSBC Technology & Services (USA) Inc.; discriminated against by James E. Stevens, Daniel Kleinhubert, in their failure to help the plaintiff recover his stolen property. He has been subjected to the hostile environment of prison environment from April 3rd, 2006 through July 23rd, 2008. (which falls within the past two years). Currently, the hostile environment, involves the fact that plaintiff Richards, lived in a middle level income social class, and now is subjected to a poverty-low level income class, the environment, that he now resides at is a hostile environment. Because, plaintiff Richards, such like Hildelbrandt alleges in *Morgan* several acts as part of her hostile work environment claim that arose after the alleged claim date of July 10th, 1997, she can reach beyond the limitations period to bring forth evidence of facts prior to that time that contributed to the hostile environment. In this case, plaintiff Richards should be able to bring forward the 2004 arrest of Plaintiff Richards by detective Szuchnicki, for alleged phone harassment charges, and violation of an order of protection. (as described the Complaint and the defendants' Memo of Law): Without a hostile environment act within the limitations period, the courts cannot consider the hostile acts that occurred outside the limitations period. *Morgan*.

The United States Supreme Court has held that consideration of the entire scope of a hostile environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes assessing liability, so long as an act contributing the that hostile environment takes place within the statutory time period. In the instant case, plaintiff Richards has been subjected to the hostile prison environment, that is

within the statutory time period, as described in the 97 page complaint, and continues to be subjected to a hostile act, in that Judge Barbosa knows plaintiff Richards is entitled to back pay from the Social Security office, in the amount close to $45,000.00, and under the alleged threat of being sanctioned in case 08 – 2759, to pay for costs in the Northern Illinois District Court. (which the plaintiff after receiving his Loyola University deposits, in October 3rd, 2008, went to the clerk's office to pay for the past litigation, without hesitation). Meanwhile, the plaintiff, does not have a pot to piss in [slang], and has no money to pay for the basic needs of food, and has not ate for the past 3 days.

Thus, "[t]o prevail on a hostile environment claim, the plaintiff must show that the hostile environment was both subjectively and objectively hostile. See Harris Vs. Forklift Systems Inc. 510 U.S. 17.

The requirement of subjectively is intended to ensure that the plaintiff did actually feel harassed, because "if the victim does not subjectively regard the environment as abusive, the conduct has not actually altered the victim, and there is accordingly no discriminatory violation. Mc Kenzie 92 F.3d at 479. (Citing Harris 510 U.S. at 20-22; 114 S.Ct. 367). In the present case, being sent to prison, because, he has a medical condition, in which everyone took as a mental illness, is harassment, and discrimination.

An objectively hostile environment is one that a reasonable person would find hostile or abusive. See City of Chicago 164 F.3d 354, 361 (7th Cir. 1998). In the present case, everyone in society, knows that prison life is a hostile environment. Plaintiff Richards, was knocked out cold, and unconscious, when he was housed at Olge County Jail, pending trial, in the Rockford, Illinois territory.

In determining, whether a plaintiff has met this standard, a court must consider the totality of the circumstances, including 'the frequency of the discriminatory conduct, it's severity, whether it is physically threatening, or humiliating; or a mere offensive utterance. In the present case, the plaintiff having to suffer at the hands of others, and live an life of a low poverty level, encompasses the totality of the circumstances.

*[signature]*