

IN THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards<br>    Plaintiff | )<br>)<br>) |
| Vs. | ) Case Number 08 CV 6810<br>) |
| United States of America, Department of<br>Justice, County of Lake, City of Waukegan,<br>Federal Defender Program, HSBC Technology<br>& Services (USA) Inc.; Manual Barbosa;<br>James E. Stevens; Daniel Kleinhubert;<br>Detective Szuchnicki; Paul Flynn; Susan<br>Hansen and James Harrington<br>    Defendant(s) | )<br>) District Judge:<br>)    David Coar<br>)<br>) Magistrate Judge:<br>)    Geraldine Soat-Brown<br>)<br>) |

**RESPONSE TO LAKE COUNTY AND DANIEL KLEINHUBERT'S
MOTION TO DISMISS, PURSUANT TO Fed. R. Civ. P. 12**

Plaintiff, Terence Bruce Richards, respectively presents this response to Lake County and defendant Daniel Kleinhubert's motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) based upon certain affirmative defenses.

1. The first alleged dispositive issue, at hand, is whether res judicata applies, since, there was prior action in a federal case 07 CV 1732 filed in the Northern Illinois District Court of Illinois. Illinois Supreme Court Rule 273 is the controlling state law in this instance, which provides:

   > Unless the order of dismissal *or a statute of this state otherwise specifies:* an involuntary dismissal for lack of jurisdiction, or for improper venue or for failure to join an indispensable party, operates as an adjudication upon the merits.

   Formerly Ill Rev. Stat. Ch 110A ¶273 (1979)

**FILED**

JAN 1 3 2009 TC
Jan 13, 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The Northern Illinois District Court case 07 CV 1732, is not considered, because, the defendant(s) are ambiguous as to whether they received notice of the filing; as required under the Illinois Governmental Immunity Act 745 ILCS 10/8 – 101 (combination of former 745 ILCS 10/8-101 and 102).

2. The second alleged dispositive issue, is the statute of limitations, which is tolled by the accrual of the beginning of the statute of limitations, under the federal common law, as a result of a hostile act(s), that occurred within the past two years, the Illinois State Statute of Limitations period, applicable to personal injury cases, in which the court's can examine claims, prior to the hostile environment.

3. The third alleged dispositive issue, in this instant action, is whether defendant Daniel Kleinhubert is immune under the doctrine of prosecutorial immunity. Prosecutorial immunity applies, when the prosecutor is acting in a quasi-judicial role, compared to a role of a police officer, when he is either acting in the environment of investigator or administrator. In the instant action Plaintiff Richards alleges, Daniel Kleinhubert was acting in a role of a investigator, and not in the role of quasi-judicial. As determined by a functional test, as further defined and implemented in the Memorandum of Law.

**THEREFORE**, Plaintiff Terence Bruce Richards, respectively request, that this Honorable Court, deny Lake County's and Daniel Kleinhubert's motion to dismiss.

Terence Bruce Richards

## PROOF OF SERVICE

I, Terence Bruce Richards, hereby swear under oath and affirmation, that I have served a copy of this brief, upon the defendant County of Lake and defendant Daniel Kleinhubert's attorney, Daniel, at the address of Lake County State's Attorney's Office 18 N. County Street, Waukegan, Illinois 60085, by placing a true and correct copy in the United States mail, at 3001 North Clark Street, Chicago, Illinois 60657, on January 13th, 2009.

_____
Terence Bruce Richards
1402 Carol Court, Apt. # 1B
Palatine, Illinois 60074