*MHN*

IN THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

*FILED*
*1-20-2009*
*JAN 2 0 2009*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Terence Bruce Richards<br>　　　Plaintiff | ) <br> ) <br> ) |
| Vs. | ) Case Number 08 CV 6810 <br> ) |
| United States of America, Department of <br> Justice, County of Lake, City of Waukegan, <br> Federal Defender Program, HSBC Technology <br> & Services (USA) Inc.; Manual Barbosa; <br> James E. Stevens; Daniel Kleinhubert; <br> Detective Szuchnicki; Paul Flynn; Susan <br> Hansen and James Harrington <br> 　　　Defendant(s) | ) <br> ) District Judge: <br> ) 　　　David Coar <br> ) <br> ) Magistrate Judge: <br> ) 　　　Geraldine Soat-Brown <br> ) <br> ) |

### MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO
### JAMES E. STEVENS'S MOTION TO DISMISS,
### PURSUANT TO Fed. R. Civ. P. 12(b)(6)

Now Comes, Terence Bruce Richards, and move this Honorable Court pursuant to

Fed. Rules Civ. Proc. 12(b)(6), to deny JAMES E. STEVENS'S, motion to dismiss,

pursuant to Fed. R. Civ. Proc. 12(b)(6) based upon certain affirmative defenses. In

support, Plaintiff Terence Bruce Richards, submits the following Memorandum of Law:

### FED. R. CIV. PROC. 9(a)

Rule 9(a) provides that the capacity, authority, or legal existence of a party need

not ordinarily be plead, except to the extent necessary to demonstrate jurisdiction. *Llies*

*Vs. Riblet Products of Louisiana Inc.* 514 F.2d 721 (5th Cir. 1985).

Rule 9(a) Capacity or Authority to Sue, Legal Existence

(1) In general, except when required to show that the court has
jurisdiction, a pleading need not allege
(a) A party's capacity to sue or be sued

       (b) A party's authority to sue or be sued in a representative capacity, or

       (c) The legal existence of an organized association of person's that is made a party.

    (2) Raising those issues, to raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge.

In the instant case, defendant James E. Stevens raised a specific denial and

supporting facts based on the face of the complaint, in his motion to dismiss [Dkt # 46],

pursuant to Fed. R. Civ. Proc. 12(b)(6) in support of Fed. R. Civ. Proc. 9(a)(2).

## FED. R. CIV. PROC. 17(b)

The general capacity to sue or be sued is governed by state law as specified in

Fed. R. Civ. Proc. 17(b) and specifically, federal receivers as specified in Title 28 U.S.C.

§959 (Formerly Title 28 U.S.C. §125 and Fed, R, Civ. Proc. 66)

Rule 17(b) Capacity to Sue or be Sued

Capacity to sue or be sued is determined as follows

(1) For an individual who is not acting in a representative capacity, by the law of the individual's domicile.

(2) For a corporation, by the law under which it was organized, and

(3) For all other parties, by the law of the state where the court is located. Except that;

    (A) A partnership or other unincorporated association with no such capacity under that state's law, may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws, and

    (B) 28 U.S.C. §754 and 959(b) govern the capacity of a receiver appointed by a United States Court to Sue or be Sued in a United States Court.

Clause (3)(b) [formerly clause (2)] was added to Rule 17(b) to the effect that the

capacity of a receiver appointed by a court of the United States to sue or be sued in a

court of the United States is governed by Title 28 U.S.C. §959 [formerly Title 28 U.S.C.

§125 and Fed. R. Civ. Proc. Rule 66] and the capacity of a state receiver is directly

governed by Rule 17(b) which adopts the law of the forum. Advisory Committee Note of

1946 to Rule 66.

> Except as provided by in section 1166 of Title11, a trustee,
> receiver, or manager appointed in any cause pending in any
> court of the United States, including a debtor in possession,
> shall manage and operate the property in his possession as
> such trustee, receiver, or manager according to the requirements'
> of the valid laws of the State in which such property is situated,
> in the same manner that the owner or possessor thereof would be
> bound to do if in possession thereof.

Title 28 U.S.C. §959(b)

## JURISDICTION

The statute, Title 28 U.S.C. §959 is entitled to a liberal construction and is jurisdictional

in nature, and the statute permitting receiver to be sued without leave of the appointing

court is a limitation on federal jurisdiction. *Hall Vs. Wilson* 35 F.2d 189. It is a limitation

by the law-making power, which, within constitutional limits determines federal

jurisdiction. Jurisdiction of the bankruptcy court, is Title 28 U.S.C. §157 and §1334 (See

Defendant's appeal brief in Seventh Circuit Court of Appeals case number (08-3441).

When a bankruptcy trustee, such as James E. Stevens oversteps the bounds of his

authority... then he was outside the scope of his employment and acted without authority.

Defendant James E. Stevens is not liable in his official capacity, but would be liable only

in his individual capacity. *Johnson Vs. Farm & Home Savings Loan Assn.* 289 p. 397.

When a receiver acts beyond the scope of its court derived authority such that it may be

sued as individual, leave of court to sue is unnecessary. *Property Management Inc.* 20
B.R. 319 (Bankr. M.D. Fla. 1972).

In the instant case, Plaintiff Terence Bruce Richards alleges, Defendant James E.
Stevens overstepped the bounds of his authority, by conspiring with defendant Paul
Flynn, in incarcerating Plaintiff Terence Bruce Richards on the grounds, that defendant
Paul Flynn, falsely informed District Court Judge Reinhard, that Plaintiff Terence Bruce
Richards was intimidating defendant James E. Stevens for the purpose to reopen
bankruptcy case 03 B 71403, so plaintiff Terence Bruce Richards could continue his
relationship, with someone, who stole his property [see Northern Illinois District Court
Case 06 CR 233; Defendant's positioning paper Dkt # 31; Dated: February 13th, 2007].

## LEAVE TO SUE BANKRUPTCY TRUSTEE[1]

Even, *arguendo*, that Bankruptcy Trustee James E. Stevens acted within the scope
of his jurisdiction, the broad general rule is that a receiver appointed by judicial authority
may not, in the absence of a statute providing otherwise, be subjected to suit without
leave of the court which appointed him. Ordinarily, the rule does not apply where the
action does not affect the custody or control of receivership property, or there the
property involved is not in the actual or constructive possession of the receiver. *In Re:
Hacker* 217 F.Supp 393 (S.D. Cal. 1963) See Generally, 75 CJS Receiver's §§415-421
(2002).

The case at bar, does not affect the custody or control of receivership property, the case
involves the personal discriminatory, abusive, and criminal misconduct of various

---

[1] A Nunc Pro Tunc court order is not necessary in the instant case, Plaintiff Terence Bruce Richards is not
challenging the custody or control of the estate property. Plaintiff, Terence Bruce Richards is challenging
the discriminatory, abusive, and criminal nature of defendant James. E. Stevens.

individuals, including but, not limited to James E. Stevens. Any issues, Plaintiff Terence Bruce Richards may have with the custody or control of the receivership's property is reserved for case 07 CV 1907 (in the Northern Illinois District Court – Eastern Division) and it's pending appellate case 08 – 4193 (pending in the Seventh Circuit Court of Appeals).

## ACTUAL POSSESSION

In respect, to the actual possession of any receivership property Defendant James E. Stevens was able to recover the majority of the property, except a 1995 BMW 535(i) automobile, carpeting in the mobile home, wife's automobile stereo (Plaintiff's complaint ¶ ; bankruptcy case 03 B 71403; dkt entry 77 in the United States Bankruptcy Court, Western Division). By May 3rd, 2004, defendant James E. Stevens was able to recover the 1992 BMW 535(i) automobile, defendant James E. Stevens employed John Miller of Miller Auction Services Inc., located at Popular Grove, Illinois for the purpose, to auction off the property. Mr. Miller was able to salvage $6,388 (minus $958.00 for 15% commission, and $525.00 for fees as follows: $25.00 for jewelry appraisal, $250 for advertisement, $200 for moving expenses, $50.00 for Tv Antenna & Remote control) from the sale on September 10th, 2003, and $3,000 (minus $450.00 for 15% commission and $150 for fees as follows $100.00 for detailing and $50.00 for pick up fee) on _____ totaling $8,788.00. Defendant James E. Stevens reimbursed himself $8,625.00 for attorney fees and $163.00 for other expenses. Therefore, the total of the salvage $8,788.00 and the reimbursement fees of $8,788.00 balanced themselves out, as debits

and credits, leaving no actual possession of property in bankruptcy case 03 B71403, or the hands of Bankruptcy Trustee James E. Stevens.

## CONSTRUCTIVE POSSESSION

Plaintiff Terence Bruce Richards, alleges in terms of constructive possession, of estate property, in bankruptcy case 03 B 71403, defendant James E. Stevens has no constructive possession of property. Specifically, in adversary case, 03 A 7063, defendant James E. Stevens, abandoned the possessory rights to the reservation of an dollar amount equivalent to the value of the property, pending the recovery of the outstanding property. Defendant James E. Stevens never recovered all the outstanding property, before abandoning the property on October 18th, 2004, in adversary case, 03 A 7063, totaling $36, 882.54, specifically, the property that is still outstanding, is reimbursement for a Virgin Islands vacation, amounting to $3,074.08, carpeting in the mobile home, amounting to $2,000.00 dollars, stereo in wife's car amounting to 990.01, Tires and rims held at Waukegan Tire and Sales, amounting to 1,750.89, and two cell phones amounting to $450.00. This property was abandoned in contravention of federal criminal statute Title 18 U.S.C. §153 [Embezzlement of Estate Property] (in which the statute of limitations of this criminal offense is 5 years Title 18 U.S.C. §3282(a)), depriving the creditors of the property, who filed claims in the claims register amounting to $62,699.95 dollars. The creditor(s) were informed of their loss on July 10th, 2006, and the statute of limitations does not finish, until July 10th, 2011. Once, defendant James E. Stevens abandoned the stolen property on October 18th, 2004, that property reverted back to third party Donald James Harrington, who had possessory rights to the property at the

commencement of the bankruptcy case. Once, abandonment has occurred that

abandonment is irrevocable. *In Re: CVA General Contrs. Inc.* 267 B.R. 773 (2001).