

IN THE NORTERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

FILED
FEB 10 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Terence Bruce Richards <br>     Plaintiff – Appellant <br><br> Vs. <br><br> United States of America, Department of Justice, County of Lake, City of Waukegan, Federal Defender Program, HSBC Technology & Services (USA) Inc.; Manual Barbosa; James E. Stevens; Daniel Kleinhubert; Detective Szuchnicki; Paul Flynn; Susan Hansen and James Harrington <br>     Defendant(s) | ) <br> ) <br> ) <br> ) Case Number 08 CV 6810 <br> ) <br> ) District Judge: <br> )     David Coar <br> ) <br> ) Magistrate Judge: <br> )     Geraldine Soat-Brown <br> ) |

## PLAINTIFF"S RESPONSE TO DEFENDANT, FEDERAL DEFENDER PROGRAM Inc., and DEFENDANT PAUL FLYNN's MOTION TO DISMISS, PURSUANT TO Fed. R. CIv. Proc. 12(b)(6)

Plaintiff, Terence Bruce Richards, respectively presents this response to defendant Federal Defender Program Inc. and defendant Paul Flynn's, motion to dismiss, pursuant to Fed. R. Civ. Proc. 12(b)(6 ) to dismiss the complaint filed in the above-captioned matter .

1. That the Federal Defender Program is a federal agency, which is described in the public documents reflecting the creation of the Office of Federal Public Defender for the Northern Illinois District of Illinois as a federal agency pursuant to federal statutory authority as well as the official public court documents appointing Terence F. MacCarthy as to head that federal agency on May 19th, 1999, with an address change from the Federal Dirksen Court building located at 219 South Dearborn Street Suite

1

1131, Chicago, Illinois 60604 to 55 East Monroe Street, Suite 2800 Chicago, Illinois 60603 [Memorandum Exhibit A; page 11] As for defendant Paul Flynn, plaintiff, Terence Bruce Richards has alleged in his complaint that Flynn is a public defender who represented, Terence Bruce Richards in his federal criminal case in the Northern Illinois District Court of Illinois – Western Division, 211 South Court Street, Rockford, Illinois 61101, case number 06 CR 233 [See N.D. Illinois – Western division, case 06 CR 233], who was appointed by Magistrate Judge P. Michael Mahoney on May 3rd, 2006 [docket # 19]].

2. A *Biven's* claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply that the invalidity of his conviction of sentence – unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck Vs. Humphrey* 512 U.S. 477, 487; 114 S.Ct. 2364; 129 L.Ed.2d 383 (1994) See *Clemente Vs. Allen* 120 F.3d 703, 705 (7th Cir. 1997)However, a *Biven's* challenging the excessiveness, disproportionate cruel and unusual punishment outside of the federal sentencing guidelines, which does not reflect upon the validity of the sentence can be maintained.

3. The Seventh Circuit Court of Appeals in *United States Vs. Rizzo* 409 F.2d 400, 403 (7th Cir. 1969), cert. denied 396 U.S. 911, 90 S.Ct. 226, 24 L.Ed.2d 187 (1969) recognized that there are two concepts of assault in criminal law, the first being an attempt to commit a battery, as Defendant Paul Flynn and the Federal Defender Program attempts to convince this Honorable Court, that plaintiff Richards's complaint is claiming, and the second an act of putting another in reasonable apprehension of bodily harm. The second concept of assault referred

2

to in *Rizzo*, an act of putting another in reasonable apprehension of bodily harm, originated in the law of torts.

_____
Terence Bruce Richards
1402 Carol Court Apt. 1B
Palatine, Illinois 60074
(773) 678 - 3176