

IN THE NORTERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

**FILED**
J.N
FEB 1 0 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Terence Bruce Richards | ) |
|     Plaintiff – Appellant | ) |
| | ) |
| Vs. | ) Case Number 08 CV 6810 |
| | ) |
| United States of America, Department of | ) |
| Justice, County of Lake, City of Waukegan, | ) District Judge: |
| Federal Defender Program, HSBC Technology | )     David Coar |
| & Services (USA) Inc.; Manual Barbosa; | ) |
| James E. Stevens; Daniel Kleinhubert; | ) Magistrate Judge: |
| Detective Szuchnicki; Paul Flynn; Susan | )     Geraldine Soat-Brown |
| Hansen and James Harrington | ) |
|     Defendant(s) | ) |

## MEMORANDUM OF POINTS AND AUTHIORITIES IN SUPPORT OF PLAINTIFF"S RESPONSE TO DEFENDANT, FEDERAL DEFENDER PROGRAM Inc., and DEFENDANT PAUL FLYNN's MOTION TO DISMISS, PURSUANT TO Fed. R. CIv. Proc. 12(b)(6)

Plaintiff, Terence Bruce Richards, respectively presents this Memorandum of Points and

Authorities in support of his response to defendant Federal Defender Program Inc. and

defendant Paul Flynn's, motion to dismiss, pursuant to Fed. R. Civ. Proc. 12(b)(6 ).

### FEDERAL AGENCY and EMPLOYMENT

Plaintiff, Terence Bruce Richards, respectively request that this court look to the support

for the federal status of the defendants. The Court usually take judicial notice of the official,

public documents [Motion for Judicial Notice; Exhibit A; pg. 1 – 12] reflecting the creation of the

office of the Federal Defender Program for the Northern District of Illinois as a federal agency

pursuant to federal statutory authority (to administer in and for the United States District Court

4

for the Northern District of Illinois, the Criminal Justice Act of 1964, as amended, and the

Court's plan implementing the Criminal Justice Act, as amended, in administering the Criminal

Justice Act, as amended, in accordance with the Court's Plan Federal Defender Program shall in

its capacity as a community non-profit defender organization, be specifically responsible for

providing and administering appointed private counsel and staff attorneys) as well as the

official, public documents appointing Terence F. Mac Carthy [Motion for Judicial Notice;

Exhibit A; pg. 11] to head that federal agency. *Winters Vs. Law Firm of Richard H. Parsons* (2007

WL 4116208 (S.D. Ill) The existence of these documents and the events they reflect are not

subject to reasonable dispute. *id.* at pg. 2 It is generally known that the office of the Federal

Defender Program for the Northern District of Illinois is a federal agency headed by Terence F.

MacCarthy. Furthermore, these facts can be accurately and readily determined by resort to

sources that cannot reasonably be questioned. *Id.* Therefore, the court in *Winters Vs. Law Firm of*

*Richard H. Parsons* (2007 WL 4116208 (S.D. Ill)) took judicial notice that the Office of the Federal

Public Defender for the Central District of Illinois is a federal agency and that Parson's is its

head, and accordingly, accepts those facts as true. See Fed. R. Evid. 201(b). Plaintiff, Terence

Bruce Richards, respectively request that this Honorable Court take judicial notice that the office

of the Federal Defender Program for the Northern District of Illinois is a federal agency and that

Terence F. MacCarthy is its head and, accordingly, accepts those facts as true. See Fed. R. Evid.

201(b).

As for Paul Flynn, the plaintiff Terence Bruce Richards has alleged in his complaint, that

Paul Flynn is a public defender who represented plaintiff, Terence Bruce Richards in his federal

5

criminal case in the Northern District of Illinois – Western Division. As, the defendant(s) have

stated in their motion to dismiss, defendant Paul Flynn was appointed by Magistrate Judge P.

Michael Mahoney of the Northern Illinois District Court of Illinois – Western Division [N. D.

Illinois case # 06 CR 233 dkt. #19] The only rational inference from these allegations, which the

court should take as true, is that Paul Flynn works for the office of the Federal Defender

Program for the Northern District of Illinois and is therefore a federal employee.

Eighth Amendment (Cruel and Unusual Clause)

The "cruel and unusual punishments" clause "of the Eighth Amendment was

designed to protect those convicted of crimes" *Ingraham Vs. Wright* 430 U.S. 651 (1977).

The Eighth Amendment of the United States Constitution is specifically concerned with

the unnecessary and wanton infliction of pain in penal institutions, serves as the

primary source of substantive protection to convicted persons in cases such as this one,

where the deliberate use of force is challenged as excessive and unjustified. *Whitley Vs.

Albers.* 475 U.S. 312 (1986). Whether, or not plaintiff, Terence Bruce Richards, may have

been exercising his constitutional rights, under the First Amendment of the United

States Constitution, specifically the Freedom of Speech and Expression clause, is

immaterial to the case at bar. Any challenge, plaintiff, Terence Bruce Richards, may

have in regards, to challenging his conviction or sentence, related to criminal case 06 CR

233 (See N.D. Illinois case # 06 CR 233) is being reserved for a Writ of Coram Nobis in

the appellate case 07 – 1429 of the Seventh Circuit Court of Appeals (See Seventh Circuit

Court of Appeals, case number 07 – 1429). The present case is challenging the

excessiveness of force in relation to a conspiracy "hate crime" against Terence Bruce

Richards, related to sexual orientation, with a physical ailment (and its associated mood

disorder, related to a general medical condition – hypothyroidism). This case has merit,

because of April 29th, 2003, he was robbed of $45,662.13 dollars from third party Donald

James Harrington, who was arrested and indicted by defendant(s) Lake County State's

Attorney's office, on July 23rd, 2003, and September 3rd, 2003 (see Complaint Dkt # 1).

The plaintiff, made a generally broad statement in fax, sent to the Lake County State's

Attorney's office, that he had a "right to communicate to the prosecutor" because, even

though third party Donald James Harrington, was guilty of stealing plaintiff, Terence

Bruce Richards's ERISA protected funds, on April 29th, 2003, he did not have the mind

set, to act maliciously and sadistically to incarcerate, third party, Donald James

Harrington into prison. Therefore, based on the same conceptual principles, plaintiff,

Terence Bruce Richards is not challenging the conviction or sentence, related to criminal

case 06 CR 233, sentenced on February 15th, 2007. He is challenging the mind sets of the

above captioned individuals, including but not limited to Paul Flynn.

A *Biven's* claim is not cognizable, when "a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction, or sentence - - unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck Vs. Humphrey* 512 U.S. 477 (1994). Eighth Amendment is designed to protect those

convicted of crimes, and consequently applies only after [government] has complied

with constitutional guarantees traditionally associated with criminal prosecutions.

*Whitley Vs. Albers* 475 U.S. 312 (1986). In addition, Eighth Amendment applies only to

conditions of confinement and has no application in determining validity of substantive

criminal statutes, (the crimes component or the criminal procedure component) *George*

*Vs. Texas* 788 F.2d 1099. Finally, Eighth Amendment prohibition against cruel and

unusual punishment is not applicable to cases in which plaintiff were not in custody as

a result of having been convicted of a crime. *Lynch Vs. Cannatella* 810 F.2d 1363.

In the present case, plaintiff, Terence Bruce Richards, was taken into custody, on April

3rd, 2006, and was housed at Metropolitan Correctional Center in Chicago, Illinois, until

May 2nd, 2006, when he was transported by the Olge County Sheriff's Office to Olge

County Jail, in Oregon, Illinois, to await criminal proceedings. He was notified of his

indictment, and the appointment of public defender Paul Flynn, on May 3rd, 2006 (See

N. D. Illinois Case # 06 CR 233 Dkt # 19). While, he was housed at Olge County Jail, in

Oregon, Illinois, in the custody and care of the United States Marshall, District Judge

Philip Reinhard, and his associates, Magistrate Judge P. Michael Mahoney, and

Bankruptcy Judge Manual Barbosa, Federal Bureau of Investigations, special agent,

Susan Hansen, and defendant, public defender Paul Flynn, plaintiff, Terence Bruce

Richards, was knocked out "cold" and unconscious from another inmate, housed in a

eight man, cell, who was going to be going to a "high" security prison, and did not care,

8

who, what, or why he was arguing with, and fighting with other individuals, this incident happen on January 7th, 2007.

On or about, February 15th, 2007, plaintiff, Terence Bruce Richards, was sentenced by District Judge Philip G. Reinhard, to 30 months imprisonment, 3 years of supervised release, $1,000.00 fine, and $200 special assessment. Specifically, the plaintiff, was sentenced to Offense level 21 (minus 3 offense levels for taking responsibility), comes to an offense level of 18, with a criminal history category of I (since it was his first offense), giving him a range of 27-33 months imprisonment. District Judge Philip G. Reinhard, assigned plaintiff, Terence Bruce Richards, 30 months imprisonment. So long as punishment is approximately proportionate to the alleged type of crime and not severe as to shock moral sense of community, its extent is necessarily within the discretion of legislature (Congressional Senate). *State Vs. Stadie* 450 P. 2d 668. When sentence is within limits prescribed by statute is not cruel and unusual. *Tincher Vs. United States* 11 F.2d 18 (4th Cir. 1926), however, if sentence received by convicted criminal Is not within statutory limits it can be considered fairly harsh and it does constitute cruel and unusual punishment. *United States Vs. Anderson* 654 F.2d 1264 (8th Cir. 1981) In addition, courts reject Eighth Amendment challenges to sentence imposed under sentencing guidelines; guidelines are convincing objective indicator of proportionately *United States Vs. Francis* 845 F.2d 551 (5th Cir. 1991). In determining whether sentence is unconstitutionally disproportionate, focus, is not on punishment,

9

comparison among cases, but rather on whether punishment in specific case is proportionate to crime for which defendant has been convicted. *United States Vs. Contreras* 937 F.2d 1191 (7th Cir. 1991).

The purpose of the Eighth Amendment was to prohibit punishments that involve unnecessary and wanton infliction of pain, that are grossly disproportionate to severity of crime for which inmate was imprisoned, or are totally without penological justification. *Caldwell Vs. Miller* 990 F.2d 589. In the present case, plaintiff, Terence Bruce Richards, after being sentenced to 30 months imprisonment, was transferred, from Olge County Jail, on February 22nd, 2007, to Metropolitan Correctional Center in Chicago, Illinois until April 11th, 2007, at which time, he was transferred to Oklahoma Transfer City, Oklahoma, via Con Air, where he was housed in a two man cell, with various transferees between the time frame of April 12th, 2007, until April 28th, 2007. Whereupon, he was assaulted, and battered by his cellmate, who was being transferred to a United States Penitentiary (highest federal confinement) in Arizona, upon, he was transferred to semi-solitary confinement with a white Supremist. He then was transferred by Con Air to Ashland Kentucky, where he was booked with a prison picture id, with two black and blue eyes, with the prison guards taking pictures, for their own safety, to prevent the plaintiff Richards, from claiming that the incident (injury) occurred at their Ashland Federal Correctional facility. On or about, January 8th, 2008, plaintiff, Terence Bruce Richards, was sexually assaulted, by another inmate, in

10

the shower room; of the Unit they named "KB", whereupon, he was forced to give oral sexual gratification to this inmate.

Intent to punish may be one element in deciding whether there has been Eighth Amendment violation, since state of mind or purpose of governmental official bears on question of whether imposition of punishment is necessary or rational means to permissible end. However, if physical or mental pain that result is cruel and unusual, it is a violation of Eighth Amendment regardless of intent or purpose of those who inflict it. *Spain Vs. Procuniar* 600 F.2d 189 (9th Cir. 1979). In the case at bar, the defendants, who conspired to incarcerate, plaintiff Richards, acted with an element of willful, malicious, irrationally, and arbitrary hatred. They believed that the plaintiff was a homosexual "stalker", therefore, they added an element of hatred, to their mindset. For, example, even though, plaintiff, Terence Bruce Richards, was robbed on April 29th, 2003, from third party, Donald James Harrington, who was arrested on July 28th, 2003, and indicted on September 3rd, 2003, made a broad statement, that he had a "right to communicate to the prosecutor" according to Illinois statute 725 ILCS 120/4(a)(3), he did not act with a trace of malice or sadistically[1] against, third party, Donald James Harrington. He

---

1.  [1] And Adam knew Eve his wife; and she conceived, and bare Cain, and said, I have gotten a man from the LORD. 2.) And she again bare his brother Abel. And Abel was a keeper of sheep, but Cain was a tiller of the ground. 3.) And in process of time it came to pass, that Cain brought of the fruit of the ground an offering unto the LORD. 4.) And Abel, he also brought of the firstlings of his flock and of the fat thereof. And the LORD had respect unto Abel and to his offering: 5.) But unto Cain and to his offering he had not respect. And Cain was very wroth, and his countenance fell. 6.) And the LORD said unto Cain, Why art thou wroth? and why is thy countenance fallen? 7.) If thou doest well, shalt thou not be accepted? and if thou doest not well, sin lieth at the door. And unto thee shall be his desire, and thou shalt rule over him. 8.) And Cain talked with Abel his brother: and it came to pass, when they were in the field, that Cain rose up against Abel his brother, and slew him. 9.) And the LORD said unto Cain, Where is Abel thy brother? And he said, I know not: Am I my brother's keeper? 10.) And he said, What hast thou done? the voice of thy brother's blood

11

wanted to be specific, that the sentence, that Donald James Harrington, received, would

not contain the element of imprisonment, because, plaintiff, Terence Bruce Richards,

could and would not acted with hatred, unlike, the defendant(s) who are listed in the

instant case, acted against, plaintiff, Terence Bruce Richards. These defendant(s) acted

with an element of hatred, because, of plaintiff, Terence Bruce Richards's sexual

orientation, with a physical ailment (specifically, the symptom of mood disorder,

stemming from a general medical condition – hypothyroidism). This has no bearing

upon the sentence, plaintiff, Terence Bruce Richards, received, because, his sentence

was set by the Federal Sentencing guidelines, enacted by the Congressional Senate. The

force applied by Paul Flynn and the above captioned individual(s) was over the amount

necessary to either maintain or restore discipline; it was applied maliciously and

sadistically with the intent to inflict harm upon the plaintiff.


## Hate Crime

The Illinois hate crime statute, replaces the crime of ethnic intimidation (ill. Rev.

Stat. 1991 ch. 38 pa. 12-7.1). The Illinois hate crime statute reads:

---

crieth unto me from the ground. 11.) And now art thou cursed from the earth, which hath opened her mouth to receive thy brother's blood from thy hand; 12.) When thou tillest the ground, it shall not henceforth yield unto thee her strength; a fugitive and a vagabond shalt thou be in the earth. 13.) And Cain said unto the LORD, My punishment is greater than I can bear. 14.) Behold, thou hast driven me out this day from the face of the earth; and from thy face shall I be hid; and I shall be a fugitive and a vagabond in the earth; and it shall come to pass, that every one that findeth me shall slay me. 15.) And the LORD said unto him, Therefore whosoever slayeth Cain, vengeance shall be taken on him sevenfold. And the LORD set a mark upon Cain, lest any finding him should kill him. 16.) And Cain went out from the presence of the LORD, and dwelt in the land of Nod, on the east of Eden. 17.) And Cain knew his wife; and she conceived, and bare Enoch: and he builded a city, and called the name of the city, after the name of his son, Enoch.

12

race,

mental

he

"A person commits hate crime when, by reason of actual or perceived

color, creed, religion, ancestry, gender, sexual orientation, physical or

disability, or natural origin of another individual or group of individuals,

commits assault, battery, aggravated assault, misdemeanor theft, criminal trespass to residence, misdemeanor criminal damage to property, criminal trespass to residence, misdemeanor criminal damage to property, criminal trespass to vehicle, criminal trespass to real property, mob action, or disorderly conduct as these crimes are defined in section 12-1, 12-2, 12-3, 16-1, 19-4, 21-1, 21-2, 21-3, 25-1, and 26-1 of this code, respectively or harassment by telephone as 720 ILCS 5/12-7.1 (West 1994)

## Mob Action

In the instant action, defendant Paul Flynn, as well as the above named

captioned defendant(s) violated the Illinois hate crime statute, by violating the criminal

statute 720 ILCS 5/25-1. The Illinois Mob action statute, Ill. Rev. Stat. ch 38 §25-1 which

reads as follows:

(a) Mob Action consists of any of the following

(1) The use of force or violence disturbing the public by 2 or more persons acting together and without authority of the law, or
(2) The assembly of two or more persons to do an unlawful act, or
(3) The assembly of two or more persons, without authority of law, for the purpose of doing violence to the person or property of any one supposed to have been guilty of a violation of the law or for the purpose of exercising correctional powers or regulative powers over any person by violence.

13

This statute is a section of the Illinois Criminal Code of 1961. It represents a compilation of the prior criminal offenses of route, riot, affray, unlawful assembly, and mob action. This provision certainly goes beyond the narrowly drawn statute "concerning the time, place, duration, or manner of use of the streets for public assemblies". The Statute has not been construed by the Illinois Courts, under these circumstances. Illinois Courts must place their own construction of the statute, giving the words their reasonable and natural meaning.

The Statute proscribes three separate categories of conduct as "mob action"; Since, these provisions are not interdependent and the validity of the statute as a whole would not rest on any one of them. Plaintiff, Terence Bruce Richards, alleges that defendant Paul Flynn, along with the above named defendant(s) committed subparagraph (a)(2) against plaintiff, Richards which states: The assembly of 2 or more persons to do an unlawful act. The phrase "unlawful act" in its normal meaning is not so limited to criminal illegality, it could include, city ordinances, quasi-criminal ordinances, torts, or state or federal statutes. In the present case, defendant Paul Flynn, with the above captioned defendant(s) committed the tort of assault and battery, upon plaintiff Richards, as described in the Assault and battery section.

## Assault and Battery

The Seventh Circuit Court of Appeals in *United States Vs. Rizzo* 409 F.2d 400, 403 (7th Cir. 1969), cert. denied 396 U.S. 911, 90 S.Ct. 226, 24 L.Ed.2d 187 (1969) recognized that there are two concepts of assault in criminal law, the first being an attempt to commit a battery, as Defendant Paul Flynn and the Federal Defender Program attempts to convince this Honorable Court, that plaintiff Richards's complaint is claiming, and the second an act of putting another in reasonable apprehension of bodily harm. The second concept of assault referred to in *Rizzo*, an act of putting another in reasonable apprehension of bodily harm, originated in the law of torts. *R. Perkins*, id at 114. Most jurisdictions recognize both concepts of criminal assault. *R. Perkins* id. at 116-117; *W. LaFave and A. Scott Criminal law* 82 (1972) *W. Burdick Law of Crime* 338 et seq. (1946) *F. Wharten, Criminal law* 799 et seq (12th ed. 1932) *J. Miller Criminal law* 98 et. seq. (1934) *W. Clark and W. Marshall, Law of Crimes* 10.15 (6th ed. 1958) *H. Underhill, Criminal Evidence* 684 Et Seq. (5th Ed. 1957).

The notion that a reasonable apprehension on the part of the victim is an essential element of criminal assault probably originated with *Bishop*, who confused the two the two concepts in a single definition of the offense and included the element of creating a reasonable apprehension of immediate physical injury in that definition. *J. Bishop, Criminal Law* 23 (9th Ed. 1923). *Bishop*, whose definition has been criticized as not supported by the cases, *J. May Criminal Law* 148 at 247 n. 1 (4th Ed. 1838) and *Note, The*

15

*Misuse of the Tort Definition of Assault in Criminal Action* 11 Rocky Mt.L.Rev. 104,105 (1939) seems to be the only authority who defines reasonable apprehension as a necessary element of the offense. The other commentators referred to above and the many cases they cite show that the two separate types of assault, attempted battery and putting the victim in reasonable apprehension, have been generally recognized. *Bishop's* definition was discussed and rejected in *Commonwealth Vs. Slaney* 345 Mass. 135, 185 N.E.2d. 919, 922-23 (1962) (cited in *Rizzo* 409 F.2d at 403 n. 4), which applies the original common law definition of assault, that of attempted battery, and holds that apprehension is unnecessary.

Since an attempted battery is an assault, it is irrelevant that the victim is incapable of forming a reasonable apprehension. Occasions for so holding seem rarely to have been presented. *Alderson, B., in The Queen v. Camplin,* 1 Cox C.C. 220, 221 (1845), reports that there was such a case in his experience. *Regina v. March,* 1 Car. & K. 496 (1844), was a conviction for assault against a newborn infant. There are many statements to the effect that an attempt upon an unconscious or otherwise insensitive victim is an assault, both in the cases, e.g., *People v. Lilley,* 43 Mich. 521, 5 N.W. 982, 985 (1880); *People v. Pape,* 66 Cal. 366, 5 P. 621 (1885); *Ross v. State,* 16 Wyo. 285, 93 P. 299, 303 (1908); *Woods v. State* 14 Md.App. 627, 288 A.2d 215, 216 (1972), and in the treatises, e.g., *W. LaFave and A. Scott,* supra 82 at 610; 2 *W. Burdick,* supra 339 at 3; 1 F. *Wharton,* supra 809 at 1104.

The United States Supreme Court in *Ladner v. United States,* 358 U.S. 169, 177, 79 S.Ct. 209, 213, 3 L.Ed.2d 199 (1959), quoted that 'an assault is ordinarily held to be committed

16

merely by putting another in apprehension of harm whether or not the actor actually intends to inflict or is capable of inflicting that harm.' These quoted words do not indicate that the Court was undertaking to define the offense of assault. Moreover, it is apparent from the context that this was not the Court's intention. The question to be decided was whether the firing of a single shot at two federal officers was one assault of two under 18 U.S.C. 254, now 18 U.S.C. 111. In holding that a single offense was committed the Court reasoned that, since an assault can be committed merely by putting another in apprehension of harm, a holding that pointing a gun at five officers, putting all of them in apprehension of harm, constituted five assaults would subject the actor to a penalty five times as great as the penalty for shooting and seriously wounding a single officer. Finally, the authorities cited by the Court in support of the quoted statement all specifically recognize the two concepts of assault described in the *Rizzo* case. See 2 *W. Burdick, Law of Crime* 340, 341, 342 (1946); *J. Clark and J. Marshall, Law of Crimes* 10.15, 10.16 (1958); *J. Miller, Criminal Law* 98, 99 (1934). The first cited, *Burdick*, expressly states:

'Moreover, it is not always necessary that the unlawful attempt should create in the person assaulted 'a reasonable apprehension of immediate bodily harm', because an assault may be committed upon a person without his knowledge of it as in case of an assault upon an unconscious sleeping person, or even upon an infant just born. The rule in a civil action that apprehension of harm is usually required has no sound foundation in the criminal law of assaults.' 2 *W. Burdick*, supra 339 at 3-4.

17

## PROOF OF SERVICE

I, Terence Bruce Richards, swear under oath and affirmation, that I have served a

copy of this Response to Motion to Dismiss, pursuant to Fed. R. Civ. Proc. 12(b)(6),

upon said defendant's attorney Paul Flynn and Federal Defender Program, by hand

delivering a true and correct copy of said motion, on February 9th, 2009

*TERENCE BRUCE RICHARDS*
*1402 CAROL COURT APT #113*
*PALATINE ILLINOIS 60074*

18