FILED
4-22-2009
APR 22 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards ) | |
|     Plaintiff ) | Case Number: 08 CV 6810 |
| ) | |
| Vs. ) | District Judge: Coar |
| ) | |
| United States of America ) | Magistrate Judge: Brown |
|     Defendant(s) ) | |

## MEMORANDUM OF POINTS ANDAUTHORITIES
## FOR 'LEAVE TO REINSTATE CLAIMS XXVIII and XXXI, PURSUANT RESPONDEAT SUPERIOR DOCTRINE, UNDER TITLE 28 U.S.C. §1346(b)

Ever since *Guthrie Vs. United States* 342 F.2d 858 (7th Cir. 1968), the Seventh Circuit has followed the Court's Ruling in *Williams Vs. United States* 350 U.S. 857 state law of Respondeat Superior to determine whether a person was acting "in line of duty" Illinois law, thus guides our analysis, as it did in *Duffy Vs. United States* 966 F.2d 307 at 314 (7th Cir. 1992).

Under Illinois law, the conduct of a servant is within the scope of employment if, but only if, (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; and (3) it is actuated, at least in part, by a purpose to serve the master. In the instant case, defendant Susan Hanson, had a duty protect person and property on FBI grounds, as spelled in the list of duties, under Title 28 U.S.C §540C(b)(2), which is analogous to Title 18 U.S.C. §4042(a)(2), in that the Federal Bureau of Investigations, law enforcement officer, is to keep the safekeeping of the inmate or chargee, but Title 28 U.S.C. §540C(b)(2), is more specific, in that the law

enforcement officer, is to protect person and property, on FBI grounds, as spelled in Title 28 U.S.C. §540C(a)(2)(A)(i).

*[signature]*