MHN

### IN THE NORTHERN ILLINOIS DISTRICT COURT
### EASTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards<br>Plaintiff<br><br>Vs.<br><br>United States of America Et. Al.<br>Defendant(s) | 08CV6810<br><br>Case Number 08 CV 6810<br><br>District Judge: Coar |

FILED
MAY 07 2009 TC
5-7-2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## AMENDED MEMORANDUM OF POINTS AND AUTHORITIES
## TO REINSTATE CLAIMS XXVIII and XXXI,
## PURSUANT TO THE RESPONDAET SUPERIOR DOCTRINE,
## UNDER TITLE 28 U.S.C. §1346(b)

The FTCA is a limited waiver of the government's sovereign immunity. Title 28 U.S.C. §2671 Et. Seq. The court(s) have no jurisdiction to impose FTCA liability for the acts of government employees outside the scope of employment. *Federal Deposit Insurance Corporation Vs. Meyer* 510 U.S. 471 at 475 (1994).

The governing statute is 28 U.S.C. §1436(b)(1), which reads:

> Subject to the provisions of Chapter 171 of this title, the district courts, together with United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1st, 1945, for injury or loss of property, or personal injury, or death *caused by the negligent or wrongful act or omission of any employee of the Government while while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. (emphasis added).

The FTCA Act does not make the government liable to the full extent of a private employer's vicarious liability, under state law. Rather, the United States is liable only if its employee was acting "within the scope of his office or

employment". See 28 U.S.C. §2672, See *Piper Vs. United States* 287 F.2d 861, 863 (8th Cir. 1989).

As the Supreme Court has said, "scope of employment sets the line". *Gutherrez De Martinez Vs. Lamagno* 515 U.S. 417, 423 (1995). One way of imposing liability upon the tortfeasor's employer, is through the vicarious liability of the Respondeat Superior Doctrine, but as described further into this document, there are other ways of imposing liability, upon the tortfeasor's employer.

Under Title 28 U.S.C. §2680(h)

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, interference with contract rights: Provided, that, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after date of the enactment of this provisio, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

The government retains its immunity from claims arising from assaults and batteries committed by government employees. According to *Gibson Vs. United States* 457 F.2d 1391 (1972). Congress, never willing to assume liability to the *deliberate torts* by government employees, which include assault and battery and others... (Emphasis added). S. Rep. No. 1400, 79th Congress, 2nd Session at 33 (1946). Jayson, Handling Federal Tort Claims Vol. 2, Sec. 260.01 n. 1.

However, in *Panella Vs. United States* 216 F.2d at 625, Judge (later Justice) Harlan held that the assault and battery exception does not bar claims based on assaults by persons not employed by the government. Although, the statutory language does not compel that result, Judge Harlan, stated that Congress did not intend the provision to embrace actions whose legal foundations rests solely on the failures of the government to perform its duties. In other words, when the claim against the government is based solely on its negligence, section 2680(h) should not apply. This narrow holding of Panella has been uniformly followed. See e.g. *Brown Vs. United States* 486 F.2d 284, 288-89 (5th Cir. 1973); *Rogers Vs. United States* 347 F.2d 12, 15 (4th Cir. 1968). *Doe Vs. United States* 838 F.2d 220 (7th Cir. 1988).

Therefore, the question, presented here is whether subsection 2680(h) is intended to prohibit a suit for injuries resulting from an attack by a nongovernmental individual, when the attack was alleged to have been proximately caused by the negligence of government employees. Although, the Ninth Circuit, has never faced the question, all circuits, including the Seventh Circuit, has held that the assault and battery exception does not bar such suits. See *Gibson Vs. United States* 457 F.2d 1391, 1395-97 (3rd Cir. 1972); *Rogers Vs. United States* 397 F.2d 12, 15 (4th Cir. 1968); *Panella Vs. United States* 216 F.2d 622, 624 (2nd Cir. 1954).

Plaintiff Richards, case falls within the exemption of 28 U.S.C. §2680(h), barring claims "arising out assault" that exception applies only to assaults by government agents, not to assaults by third parties which the government

negligently fails to prevent. *Panella Vs. United States* 216 F.2d 622 (2nd Cir. 1954).

When an agency, like the Department of Justice, voluntarily undertakes a task, it can be held to have accepted the duty of performing the task with due care, also known as affirmative duty. This area of voluntary assumption of duty by affirmative conduct runs through a variety of cases, just when the duty is undertaken, when it ends and what conduct is required, are nowhere clearly defined, and perhaps cannot be. *Prosser, Torts* 554 at 340 (3rd Ed. 1964) See also 38 *Am. Jur. Negligence* §17 (1941); *Rogers Vs. United States* 397 F.2d 12.

> Here, the very risk which constitutes the defendant's negligence is the probability of such action. It is clear, that when such action occurs, it should not insulate the defendant's negligence under the causation formula. In other words, it is clearly unsound to afford immunity to a negligent defendant, because the intervening force, the very anticipation of which made his conduct negligent, has brought about the expected harm. *Harper and Kline: The Duty to Control the Conduct of Another* 43 Yale L. J. 886, 898 (1934).

In the instant case, the agency of Department of Justice, through its employees and agents, had a duty of care, as prescribed, by Title 28 U.S.C. §540C(b), and 18 U.S.C. §4042, to protect the person or property on FBI grounds and for the safekeeping of the individual, kept in their control and custody. The application of section 2680(h), is inapplicable for two reasons: First, the attack(s) upon plaintiff Richards, by third parties, was a foreseeable consequence of the government's failure to exercise due care, *under the circumstances*, and therefore, *it is not such an intervening act as will sever the necessity casual relation between the negligence and the plaintiff's injuries.*

One who takes charge of a third person who he knows or who should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm. Restatement of Torts, 2nd, §19.

In addition, according to Prosser, Torts (2nd Ed. 1955), the General Duty which arises in many relationships for the safety of others "may include the obligation to exercise control over the conduct of third persons". *Processor, Supra. At 188.*

As stated in Plaintiff Richards's, complaint's allegations, docket # 1, the injury arose out of the basic negligence of the United States and the attack was the foreseeable consequence of the original misconduct, in the failure to protect person and property on FBI grounds, and in the prison systems. "That the foreseeable danger, was from intentional or criminal misconduct of another inmate is irrelevant, United States and it's employees and agents nonetheless had a duty to make reasonable provision against it, breach of that duty, would be negligence. (emphasis added). *Lillie Vs. Thompson* 332 U.S. 459 (1947); *Harrison Vs. Missouri Pacific R. Co.* 372 U.S. 248 (1962). The "Assault and Battery" exception does not apply, in this instant case, 08 CV 6810, where the situation involves injuries to persons who were entitled to be safe from foreseeable harm while in the custody and control of the government personnel. *Harris Vs. United States* 797 F.Supp. 91. Under, the instant case circumstances, the attack was not an intervening act, and the tort did not arise out of the assault and battery, it had its roots in the government's negligence. *Gibson Vs. United States* 457 F.2d 1391 (1972).

As, an end note, *Panella*, supra. thus, established a clear rule of easy application: where the intentional tortfeasor is in no sense carrying out the government's business, the claim against the United States for negligent supervision of the assailant does not: "arise out of" an intentional tort within the meaning of section 2680(h). The Seventh Circuit Court of Appeals, has described, this type of liability, to be known as, disguised respondeat superior theory. Therefore, the reinstatement of claims XXVIII and XXXI, are inapposite, in the instant case.

Terence Bruce Richards
1402 Carol Court Apt. 1B
Palatine, Illinois 60074

## PROOF OF SERVICE

I, Terence Bruce Richards, swear under oath and affirmation, that I have sent a copy of this document, to the defendant(s) attorney(s) office, as described in the docket sheet, for civil case 08 CV 6810, by placing a true and correct copy in the United States Postal Service, located at 3000 North Clark Street, Chicago, Illinois 60657, on May 7, 2009.

Terence Bruce Richards
1402 Carol Court Apt. 1B
Palatine, Illinois 60074