IN THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards<br>    Plaintiff | )<br>)<br>) Case Number 08 CV 6810 |
| Vs. | )<br>)<br>) District Judge: David Coar |
| United States of America Et. Al.<br>    Defendant(s) | )<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANT(S) COUNTY OF LAKE
AND DANIEL KLEINHUBERT, ON THE ISSUE OF LIABILITY,
PURSUANT TO Fed. R. Civ. Proc. 56(d)(2)**

### *Federal Rules of Civil Procedure 56(d)(2)*

Subdivisions of (a) and (b) of the Federal Rules of Civil Procedure 56, authorizes, a motion for summary judgment "upon all or any part" of a claim by a claimant or a defending party, in particular Rule 56(d) deals with the situation in which the motion does not lead to a judgment in the entire case, but only terminates further contest as to a portion of the litigation. *Moores Federal Practice* ¶56.20 (3-4). Specifically, a partial summary judgment order in accordance with Rule 56(d)(2) is not a final judgment, but is merely a pre-trial adjudication that certain issues are established for trial of the case. Such an order, is interlocutory in nature, is subject to revision, by the district court and has no res judicata effect. *Avondale Shipyards Inc. Vs. Insured Lloyd's* 196 F.2d 1265, 1269-70 (5th Cir. 1986)(quoting 6 Part 2 Moore's Federal Practice ¶56.20 (3-4)) *Traveler's Idem. Co. Vs. Erickson's Inc.* 816 F.2d 134, 136 (5th Cir. 1968).

Prior to the 2007, amendment to Rule 56(d), a judgment was entered under the authority of the last sentence of Rule 56(c)

> "A summary judgment, interlocutory in character, may be rendered in the issue of liability alone, although there is a genuine issue as to the amount of damages".

and an order establishing defendant's liability under the prior 2007, rule 56(d) are indistinguishable. The only purpose of the language in subdivision (c), serves is to remove any doubt as to the court's power to so act, in this particular context. Of course, if there is no liability without damages, and damages are in dispute, summary judgment should not be granted. The following quotation makes it apparent that when there is a genuine issue as to the damages, but not as to the ultimate liability of the non-moving party, an interlocutory summary judgment is appropriate and the procedure to be followed is that prescribed in Rule 56(d),

> It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right of summary recovery determined by a preliminary order, interlocutory in character, and the precise amount of recovery left for trial.

However, interlocutory summary judgment must be denied if there is a question of fact concerning liability, but if the court establishes the existence of liability under Rule 56(d)(2)(prior to 2007, the last sentence in Rule 56(c)). The case will then proceed for determination of the damage issue. This normally will be done in accordance with the usual trial procedures, applicable to the case.

Rule 56(d)(2)(prior to 2007, the last sentence of rule 56(c)), expressly states that a summary judgment solely on the issue of liability is an interlocutory order. Thus, there is no final judgment to be entered and no appeal lies from a rule 56 decision establishing or refusing to establish the liability of the non-moving party.

## Significance of Litigating this Factor leading to the Potential of either Voluntary Manslaughter and Involuntary Manslaugher

Manslaughter developed at common law as a less capable form of homicide for which a lesser sentence seemed justified. In the present case, the negligent act(s) of Susan Hanson and Manuel Barbosa, failing to maintain, their holding sites, in a safe manner, placed plaintiff, Terence Bruce Richards, in the danger of death, from the result of the beatings, which may have resulted in a beating to death (see docket #133). The common law defined manslaughter as the unlawful killing of another without malice. *Stevenson Vs. United States* 162 U.S. 313, 320 (1896). The history of manslaughter came about, when a homicides were unlawful and punished by death, with the exception only for a narrow class of homicides committed in the enforcement of justice. *Mullaney Vs. Wilber* 421 U.S. 684, 692 (1975). In response to this widespread of use of capital punishment, ecclesiastic jurisdiction developed to reduce what would have been death to one-year sentence, a branded thumb, and the forfeiture of all of one's goods. *Id.* Later, however, English rulers grew "concerned with the accretion of ecclesiastic jurisdiction at the expense of the secular" and enacted a series of statutes limiting ecclesiastic jurisdiction's benefits only to those homicides committed without malice – homicides designated as "manslaughter" id.

at 692-93. Voluntary manslaughter, occurs in the "heat of passion", as in this particular case, because, third party Donald James Harrington was not prosecuted in the Lake County, Manuel Barbosa, in the heat of passion, turned onto plaintiff, Terence Bruce Richards, with his malicious B.S., or in the case of involuntary manslaughter, because, of his apparent authority over the holding sites, for his detainees, and the negligence, in maintain a safe and clean environment.

### 42 U.S.C. §1983 Claim – Generally

The civil rights act (42 U.S.C. §1983) gives the right of action against a person, who under color of state law, custom, or usage, subjects another to deprivation of any rights, privileges, or immunities, secured by the federal constitution, has several purposes:

1.) It overrides certain kinds of state laws

2.) It provides a remedy, where state law is inadequate

3.) It provides federal remedy, where state remedy, though adequate in theory, is not available in practice

*Monroe Vs. Pape* 365 U.S. 167 (1961)

In the instant action, Plaintiff, Terence Bruce Richards, is bringing this Title 42 U.S.C. §1983 case (analogous to a Title 42 U.S.C. §1983 claim) against several federal officials for the hate crime actions involving, plaintiff, Terence Bruce Richards. Defendant Daniel Kleinhubert, is one of the actors, who deprived plaintiff Terence Bruce Richards of his Constitutional rights, specifically, the Fourteenth

Amendment Due Process clause, by denying him of his liberty to exercise a Illinois state statute, 725 ILCS 120/4 (3) the right to communicate with the prosecution. Section 1983 basically seeks to (1) deter state action from using badge of their authority to deprive individuals of their federally guaranteed rights and (2) provide related relief. *Richardson Vs. McKnight* 521 U.S. 399, 42 U.S.C. §1983 was partly aimed at constitutional deprivations through abuse and nonuse of authority by state officials. *Miller Vs. Carlson* 563 F.2d 757.

### 42 U.S.C. §1983 Claim Elements

Two elements are necessary for recovery under a 42 U.S.C. §1983 action; Plaintiff, Terence Bruce Richards must prove that defendant Daniel Kleinhubert has deprived him of rights secured by the "Constitution and laws" of the United States, and that defendant Daniel Kleinhubert deprived him of that constitutional rights "under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, this second element requires, that Plaintiff Terence Bruce Richards show that defendant Daniel Kleinhubert acted "under color of law" *Adickes Vs. S. H. Kress & Co.* 398 U.S. 144

Purpose of the Civil Rights statute (42 U.S.C. §1983) authorizing actions at law, suit in equity, or other proper proceedings, for redress of deprivations under color of state law, or rights secured by federal constitution and federal laws, is to interpose federal courts between states and people, by guardians of people's federal rights, and thus to protect people from unconstitutional actions under color of state law, whether that action be

executive, legislative, or judicial, in carrying out this purpose, Congress, has expressly authorizing suit in equity as one of the means of redress, and plainly authorized federal courts to issue injunctions, in 1983 actions. *Mitchum Vs. Foster* 407 U.S. 225 (1973).

Title 42 U.S.C. §1983 which authorizes redress for violations of constitutional and statutory rights, is not itself a source of substantive rights, but rather a method for violating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes. *Baker Vs. Mc Cullan* 443 U.S. 137

### Liberty Interest of Due Process

The Due Process clause guarantees more than fair process, and the "liberty" it protects includes more than the absence of physical restraint. The clause also provides heightened protection against governmental interference with certain fundamental rights and liberty interest. The United States Supreme Court, in a long line of cases, have held that, in addition to the specific freedoms protected by the Bill of Rights, the "liberty" specially protected by the Due Process Clause includes the right to marry *Loving Vs. Virginia* 388 U.S. 1 (1967); to have children, *Skinner Vs. Oklahoma ex. rel Williamson* 316 U.S. 535 (1942), to direct the education and upbringing of one's children *Meyer Vs. Nebraska* 262 U.S. 390 (1923); *Pierce Vs. Society of Sisters* 268 U.S. 510; to martial privacy *Griswald Vs. Connecticut* 381 U.S. 479 (1965); to use contraception *Eisenstadt Vs. Baird* 405 U.S. 438 (1972); to bodily integrity *Rochin Vs. California* 342 U.S. 165 (1952); and to abortion, *Planned Parenthood Vs. Casey* 505 U.S. 833 (1992). The United States Supreme Court has established a method of substantive due process analysis, which has two features: First, the United States Supreme Court has regularly observed that the Due Process Clause specifically protects those fundamental rights and liberties which are,

objectively, "deeply rooted in this Nation's history and tradition", and "implicit in the concept of ordered liberty such that "neither liberty not justice would exists if they were sacrificed". In this instant case, Plaintiff, had a right to the communicate to the prosecutor, under Illinois Compiled Statute 725 ILCS 120/4 (3) the right to communicate to the prosecutor; and (2) Second, the United States Supreme Court has required in substantive due process right cases is a "careful description" of the asserted liberty interest right. In this particular case, Plaintiff, Richards, had a right to communicate to the prosecutor, to amend the allegations, due to the ambiguousness, of the information, he got from third party Donald James Harrington, which had Plaintiff, Terence Bruce Richards, confused, as to whether third party, Donald James Harrington, was attended Carthage College or not. Once, he completed discovery, of the theft, he reported, those incidents to the Bankruptcy Trustee James E Stevens, who filed adversary case, 03 A 7083, on July 29th, 2003, the day after third party, Donald James Harrington, was arrested, in the Lake County, for the same transactions. If plaintiff, Terence Bruce Richards, did amend his allegations, on how the theft of the $45,662.13 dollars occurred, he would have been committing, prosecutorial misconduct (a procedural defense, via which, a defendant may argue that they should not be held criminally liable for actions which may have broken the law, because of the prosecution acted in an "inappropriate" or "unfair" manner. Such arguments may involve allegations that the prosecution withheld evidence or knowingly permitted false testimony), nullifying the sentence and conviction, of third party Donald James Harrington, in the Lake County case, 03 CF 2708.

## Constitutional Violation(s)

The equal protection clause grants to all Americans "the right to be free from invidious discrimination in statutory classifications and other governmental activity". *Harris Vs. Mc Rae* 448 U.S. 297, 332 (1980). Plaintiff Richards must demonstrate that Daniel Kleinhubert acted with a nefarious discriminatory purpose. *Personnel Adm'r of Massachusetts Vs. Feeney* 442 U.S. 256, 279 (1979), and discriminated against him based on his membership in a definable class. *Albright Vs. Oliver* 975 F.2d 345, 348(9th Cir. 1992) aff'd 510 U.S. 266(1994); *Falls Vs. Town of Dyer* 875 F.2d 146, 148 (7th Cir. 1989). In the instant case, Daniel Kleinhubert, discriminated against Plaintiff, Terence Bruce Richards, because of his sexual orientation, and more specifically, because of his alleged mental illness of bipolar, as defined in the DSM 296.40 Bipolar Disorder I, most recent episode manic, however, Plaintiff Richards, suffers from 293.83 Mood Disorder due to hypothyroidism. Defendant Daniel Kleinhubert, believed, the information from Christopher Lambardo, third party Donald James Harrington's defense attorney, that, Plaintiff Richards, was allegedly stalking his third party, Donald James Harrington, giving him materialistic gifts, and then took him to court, so plaintiff Richards could continue his relationship, with his third party, Donald James Harrington. Plaintiff, Richards, took Donald James Harrington to court, to get his property rights back, but did not want to act impulsively, and send his Donald James Harrington to prison, in which there could be a foreseeable consequence of assault and battery, with the potential of either voluntary or involuntary manslaughter, without, first

having more knowledge, what prison life is about, in no one would ever, want to go to prison, in the first place. But, plaintiff, Terence Bruce Richards, so that as an impulsive behavior, without the firsthand knowledge, of what he was doing, (sounds weird, but, this could have been an impulsive behavior). The District Judges, even visit, the prison(s), and some district court(s), have specific judges, who are assigned to prisoner litigation cases, because of their knowledge base, of the specific prison.

In *Schroeder Vs. Hamilton School District* 282 F.3d 746 (7th Cir. 2002), the case states, in order to establish an equal protection violation, the Plaintiff, must show that Defendant Daniel Kleinhubert (1) treated him differently from others who were similarly situated, (2) intentionally treated him differently because of his membership in the class to which he belonged (i.e. homosexuals, with a mood disorder); (3) because homosexuals don't enjoy any heightened protection under the Constitution (see *Romer Vs. Evans* 517 U.S. 620, 634-35 (1996); *Bowers Vs. Hardwick* 478 U.S. 186, 196 (1986) that the discriminatory intent was not rationally related to a legitimate state interest. *Henrich Vs. Board of Regents of University of Wisconsin System* 274 F.3d 1174, 1183 (7th Cir. 2001) *Nabozny Vs. Podesny* 92 F.3d 446, 453 (7th Cir. 1996). In the instant case, Defendant Daniel Kleinhubert, treated Plaintiff, Terence Bruce Richards, differently, because of his sexual orientation, with a mood disorder, because, he thought, plaintiff, Richards was stalking Donald James Harrington, defendant Daniel Kleinhubert, would not have done this, with another individual, only because, of his sexual orientation, and having an alleged relationship, with his third party Donald James Harrington, who was at the time,

23, and plaintiff, Terence Bruce Richards, was 40. (However, Plaintiff, Richards, had other relationship(s), at the time, with 3 other individual(s), one in Hoffman Estate, Frank Spada, who was age 35, Norm Diamond, from Deerfield, Illinois, who was 63, and Andreas Trefzger, who lived in Beitengen Germany, who was 28. Plaintiff, Terence Bruce Richards, had no need to buy, Defendant James Harrington(s), son materialistic gifts, to buy his son's love.

> The gravamen of equal protection lies not in the fact of deprivation of a right, but the invidious classification of persons aggrieved by the State's action. A Plaintiff, must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as violation or intent as awareness of consequences. It implies that a decision-maker signaled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group. Id. At 1104 (citation and internal quotations omitted).

A showing that Defendant Daniel Kleinhubert, were negligent will not suffice, Plaintiff Richards, must show that the defendant's acted either intentionally or with deliberate indifference. *Archie Vs. City of Racine* 847 F.2d 1211, 1219 (7th Cir. 1988) cert. denied 489 U.S. 1065, *Jackson Vs. City of Joliet* 715 F.2d 1200, 1203 (7th Cir. 1983) cert denied 465 U.S. 1049 (1984). The deliberate indifference can be demonstrated by that Defendant Daniel Kleinhubert, acted, failed to communicate, with Plaintiff Terence Bruce Richards, or assist a citizen of the State of Illinois, in recovering his stolen property.

_____
Terence Bruce Richards
1402 Carol Court Apt. 1B
Palatine, Illinois 60074