IN THE NORTHERN ILLINOIS DISTRICT COURT
EASTERN DIVISION

FILED
JUN X 5 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Terence Bruce Richards )
    Plaintiff )
 ) Case Number 08 CV 6810
Vs. )
 ) District Judge: David Coar
United States of America )
    Defendant(s) )

# MEMORANDUM OF POINTS AND AUTHORITIES RESPONSE TO MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION TO STAY, SUBMITTED BY DEFENDANT(S) COUNTY OF LAKE AND DANIEL KLEINHUBERT

## Judgment on the Pleadings

A Motion to Strike a Motion for Partial Summary Judgment should be construed as a Motion for Judgment on the Pleadings, as provided by Fed. R. Civ. Proc. 12(c). *Superior Beverage Company Vs. State of Ohio* 324 F.Supp. 564 (1971).

> After the pleadings are closed – but early enough not to delay trial – party may move for judgment on the pleadings.
> Fed. R. Civ. Proc. 12(c)

A Motion for Judgment on the Pleadings under Fed. R. Civ. Proc. Rule 12(c), has its historical roots in common law practices, which permitted either party, at any time (point) in the proceeding, to demur to his opponent's pleading and secure a dismissal or final judgment on the basis of the pleadings. *Clark, Code Pleading* 2d Ed. 1947 §87 at 554-556. In the instant case, 08 CV 6810, Defendant County of Lake and Daniel Kleinhubert, moved Strike, plaintiff, Terence Bruce Richards, Motion for

Partial Summary Judgment, which the Honorable District Court Judge, David Coar, should construe as a Motion for Judgment on the Pleadings, as provided by Fed. R. Civ. Proc. 12(c),

As numerous Judicial opinions, make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases, when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits, affidavit(s), and other materials incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense and any facts of which the District Court will take Judicial notice. *Gulf Coast Bank & Trust Co. Vs. Reder* 355 F.3d 35 (1st Cir. 2004). In this instant case, Defendant County of Lake and Daniel Klienhubert, by filing the instant Motion to Strike, or in the alternative, Motion to Stay, should be construed as a Motion for Judgment on the Pleadings, and in doing so, is claiming that there are no material facts which are in dispute, between the parties and a judgment on the merits can be achieved by focusing on the content of the record on file, and the two motions, Motion for Partial Summary Judgment and Motion for Judgment on the Pleadings. A motion for judgment on the pleadings only has utility, when all material allegations of fact are admitted or not controverted in the pleadings and only question of law remain to be decided by the district court. *Enron Oil Trading & Transportation Co. Vs. Walbrook Ins. Co. Ltd.* 132 F.3d 526 (9th Cir. 1997).

A plaintiff, cannot move under Rule 12(c), until after an answer has been filed, the proper course for the plaintiff in a case in which the defendant fails to answer is to move for a default judgment under Rule 55, rather than seek Judgment on the Pleadings, *Polquin Vs. Heckler* 597 F.Supp. 1004, 1006 (D. C. Me. 1984) citing *Wright and Miller* Similarly, the Defendant, like County of Lake and Daniel Kleinhubert, may not move under Rule 12(c), prior to filing an answer. In their corresponding Motion to Strike, they claim, that, they have not filed an answer, to this instant case, yet.

It is the nature of the Rule 12(c), procedure, as the case law reflects, that a motion for a judgment on the pleadings may be made at any time after the pleadings are closed, subject to the rule's express proviso, that a hearing of the motion will not result in a delay of the trial. Specifically, Rule 7(a), provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross claim, or third-party claim is interposed, in which event the filing of a reply to a counter claim, cross-claim answer, or third party answer normally will mark the close of the proceedings. Signature Combs Vs. Inc. Vs. United States 253 F.Supp.2d 1028 (D.C. Tenn. 2003).

A significant number of Federal Courts have held that the standard to be applied on a Rule 12(c) motion, based on all the pleadings, is identical to that used on a Rule 12(b)(6) motion based solely, on the complaint. *Roman Catholic Diocese of Springfield in Illinois Vs. Maryland Cas. Co.* 139 F.3d 561 (7th Cir. 1998). In other words, the District Court should not dismiss the complaint unless it appears beyond

doubt, that the plaintiff can prove no set of facts that would entitle him or her to relief under the governing substantial law. *Deravin Vs. Kerik* 335 F.3d 195 (2nd Cir. 2003). In this instant case, Defendant County of Lake and Daniel Kleinhubert, by filing this Motion for Judgment on the Pleadings, is claiming, that there is no dispute on the pertinent facts, between them, and Plaintiff, Richards.

## Stay of Motion

A stay of action is a postponement of proceedings in the case, until the happening of a particular event. In Interest of W. P. 153 Wis.2d 50; 449 N.W.2d 615(1990). The issuance of a stay halts the proceedings of the action, and no additional step may be taken until the stay is removed. In this instant case, defendant(s) County of Lake and Daniel Kleinhubert, want to stay, the proceedings, if the above, Judgment on the Pleadings is declined, until a ruling on the Motion for Dismissal, in which Honorable Judge David Coar, can rule on the Motion for Dismissal and Motion for Partial Summary Judgment, based on the judgment, the Motion for Dismissal, was only affirmative defenses, to the merits of the case, and the partial judgment is presenting the merits of the case.

A court's power to stay an action is discretionary and the grounds for ordering a stay necessarily vary with the circumstances of each case. An action may be stayed pending 1.) substitution of another person for a party who has died during the pendency of the action 2) the adjudication or dismissal of a petition in

bankruptcy 3) exhaustion by the plaintiff of administrative remedies 4) joinder of necessary parties. Am. Jur. 2d. Actions §69.

If the case is of extraordinary public moment, a plaintiff, may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted. This instant case is not of public importance, it may involve the involvement of a corrupt bankruptcy judge, but it carries, very little weight. Moreover, the only compensation, plaintiff, Terence Bruce Richards, is seeking, is a letter of apology from the defendant(s) County of Lake and Daniel Kleinhubert, for failing to have a colloquy with plaintiff, Terence Bruce Richards, in assisting him in recovering his property. Defendant Daniel Klienhubert, would have prosecuted the case, if Plaintiff, Terence Bruce Richards, would have spoken up better, if it wasn't for his fear, of committing voluntary or involuntary manslaughter, as described in the record. If this case, had more importance, then to prove a point, to establish liability of the parties, in the case, plaintiff, Terence Bruce Richards, could have and should have raised the issue, in the year 2004. Plaintiff, Terence Bruce Richards, wrote off the money, before the plea agreement was entered, because, the money, would have came from illegal activity, of third party, Donald James Harrington, even if he did pay, which the record, shows, he would not have, plaintiff, Richards, could have lost the money, in a bad economy. Plaintiff, Terence Bruce Richards, was not prepared for the abuse and defamation, that did come afterwards. Furthermore, plaintiff, Terence Bruce Richards, got some retribution, from Daniel Kleinhubert, by giving the perception,

that he was walking out of the courtroom, with third party Donald James Harrington, which it was only a perceptive display, plaintiff, Terence Bruce Richards, committed, because, defendant Daniel Kleinhubert, believed, the words, of the defense counsel Christopher Lambert, that Plaintiff, Terence Bruce Richards, was allegedly stalking third party, Donald James Harrington, there was never any reconciliation, only the need for the plaintiff, Terence Bruce Richards, to tell the truth in court.

*[signature]*