MHN

### IN THE NORTHERN DISTRICT COURT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards<br>　　　　Plaintiff<br><br>Vs.<br><br>United States of America Et. Al.<br>　　　　Defendant(s) | )<br>)<br>) Case Number 08 CV 6810<br>)<br>)<br>) District Judge: David Coar<br>)<br>) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST HSBC TECHNOLOGY & SERVICES (USA) Inc. ON THE ISSUE OF LIABILITY, PURSUANT TO Fed. R. Civ. Proc. 56(d)(2)

### *Federal Rules of Civil Procedure 56(d)(2)*

Subdivisions of (a) and (b) of the Federal Rules of Civil Procedure 56, authorizes, a motion for summary judgment "upon all or any part" of a claim by a claimant or a defending party, in particular Rule 56(d) deals with the situation in which the motion does not lead to a judgment in the entire case, but only terminates further contest as to a portion of the litigation. *Moores Federal Practice* ¶56.20 (3-4). Specifically, a partial summary judgment order in accordance with Rule 56(d)(2) is not a final judgment, but is merely a pre-trial adjudication that certain issues are established for trial of the case. Such an order, is interlocutory in nature, is subject to revision, by the district court and has no res judicata effect. *Avondale Shipyards Inc. Vs. Insured Lloyd's* 196 F.2d 1265, 1269-70 (5th Cir. 1986)(quoting 6 Part 2 *Moore's Federal Practice* ¶56.20 (3-4)) *Traveler's Idem. Co. Vs. Erickson's Inc.* 816 F.2d 134, 136 (5th Cir. 1968).

**FILED**

JUN 16 2009 T.C
6-16-2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Prior to the 2007, amendment to Rule 56(d), a judgment was entered under the authority of the last sentence of Rule 56(c)

> "A summary judgment, interlocutory in character, may be rendered in the issue of liability alone, although there is a genuine issue as to the amount of damages".

and an order establishing defendant's liability under the prior 2007, rule 56(d) are indistinguishable. The only purpose of the language in subdivision (c), serves is to remove any doubt as to the court's power to so act, in this particular context. Of course, if there is no liability without damages, and damages are in dispute, summary judgment should not be granted. The following quotation makes it apparent that when there is a genuine issue as to the damages, but not as to the ultimate liability of the non-moving party, an interlocutory summary judgment is appropriate and the procedure to be followed is that prescribed in Rule 56(d),

> It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right of summary recovery determined by a preliminary order, interlocutory in character, and the precise amount of recovery left for trial.

However, interlocutory summary judgment must be denied if there is a question of fact concerning liability, but if the court establishes the existence of liability under Rule 56(d)(2)(prior to 2007, the last sentence in Rule 56(c)). The case will then proceed for determination of the damage issue. This normally will be done in accordance with the usual trial procedures, applicable to the case.

Rule 56(d)(2)(prior to 2007, the last sentence of rule 56(c)), expressly states that a summary judgment solely on the issue of liability is an interlocutory order. Thus, there is no final judgment to be entered and no appeal lies from a rule 56 decision establishing or refusing to establish the liability of the non-moving party.

## Release Agreement(s)

In the present case, Plaintiff, Terence Bruce Richards, was compelled through business compulsion into signing a Release Agreement, with HSBC Technology & Services (USA) Inc. on about, January 7th, 2005, against his will. [N]o form of words, no matter how all encompassing, will foreclose scrutiny of a release [citation] or prevent a reviewing court from acquiring into surrounding circumstances to ascertain whether it was fairly made and accurately reflected the intentions of the parties. *Ainsworth Corp. Vs. Cenco Inc.* 107 Ill.App.3d 435, 439 (1982). Where there are words of general release in addition to recital of specific claims, the words of general release are limited to the particular claim to which reference is made. *Corona Vs. Illinois Central Gulf R.R. Co.* 203 Ill.App.3d at 451 (1990). Where there are only words of general release, the courts will restrict the release to the thing or things intended to be released and will refuse to interpret generalities so as to defeat a valid claim not then in the minds of the parties. *Gladinos Vs. Laughlin* 51 Ill.App.3d 694, 696 (1977); *Beauvoir Vs. Rush Presbyterian- St. Luke Medical Center* 137 Ill.App.3d 294 (1985). A general release is inapplicable to an unknown claim. *Farm Credit Bank Vs. Whitlock* 144 Ill.2d 440 at 448 (1991).

Even where the parties intended to release a specific claim, the release of that claim will not be enforced, if there has been fraud, duress, mutual mistake, or at least in some cases, unconscionability. *Rubin vs. Sante Fe Park Enterprises Inc.* 122 Ill.App.3d 372, 374 (fraud in execution or inducement); *Alexander vs. Standard Oil Corp.* 97 Ill.App.3d 809, 814-15 (1981) citing *Kaplan Vs. Kaplan* 25 Ill.2d 181, 186 (1962) (duress); *Rakowski Vs. Lucente* 104 Ill.2d 317, 324 (1984) (mutual mistake); *Simmons Vs. Blauw* 263 Ill.App.3d 829, 834 (unconscionable release of personal injury claim).

There are competing policies regarding releases of claims, public policy favor(s) the settlement of claims, and it is important that claims, once fairly resolved, not to be resurrected on the other hand, releases should not be used as instruments of fraud or oppression. See *Antal Vs. Taylor* 146 Ill.App.2d 863, 866-67 (1986). It is sometimes said that a release is a contract, and the same rules which apply to other contracts (particularly, the parol evidence rule) apply to releases. It appears, however, that the courts are much more careful in applying the parole evidence rule to releases than they are to contracts. The intention of the parties controls the scope and effect of a release, and this intent "is discerned from the language used and the circumstances of the transaction (emphasis added) *Carona Vs. Illinois Central Gulf R. R. Co.* 203 Ill.App.3d 947. 951 (1990). A release cannot be construed to include claims not within the contemplation of the parties. *Carona* 203 Ill.App.3d. at 951. See also *Clear-vu Packaging Inc. Vs. National Union Fire Insurance Corp.* 105 Ill.App.3d 671, 674 (1982).

## Economic Duress

In, the Illinois Supreme Court case, *Kaplan Vs. Kaplan* 25 Ill.2d 181, 186, the following standards were set forth:

> "Duress has been defined as a condition where one is induced by a wrongful act or threat of another to make a contract under circumstances which deprive him of the exercise of his free will, and it may be conceded that a contract executed under duress is voidable [citations] acts or threats cannot constitute duress unless they are wrongful. However, the rule is not limited to acts that are criminal, tortuous, or in violation of a contractual duty, but extends to acts that are wrongful in a moral sense. *** "The threat must be of such nature and made under such circumstances as to constitute a reasonable and adequate cause to control the will of the threatened person, and *must have that effect*, and the act sought to be avoided must be performed by the person while in that condition. *** (emphasis added).

Economic duress is defined as including the imposition, oppression, undue influence, or the taking of undue advantage of the business or financial stress of another, whereby his free agency is overcome. *Stavins Vs. Stavins* 70 Ill.App.3d 622 (1979). In order for Plaintiff, Terence Bruce Richards to invalidate the January 7th, 2005, Release and Settlement agreement on the basis of economic duress, Plaintiff Richards must show that he was induced by a wrongful act or threat of HSBC Technology & Services (USA) Inc. to execute the January 7th, 2005, Release and Settlement under circumstances which deprived Plaintiff Richards of the exercise of his free will. *Kaplan Vs. Kaplan* 25 Ill.2d 181.

> The act or threat upon which a claim of coercion is predicated must only be wrongful in a moral sense, not necessarily a legal one. If it is shown that the threat "left the individual bereft of the quality of mind essential to the making of contract" then an agreement entered pursuant to such duress is voidable. *Kaplan Vs. Kaplan* 25 Ill.2d

> 181. See *Restatement of Contracts* §492. Acts or threats cannot constitute duress unless they are wrongful. However, the rule is not limited to acts that criminal, tortuous, or in violation of a contractual duty, but extends to acts that are wrongful in a moral sense. Restatement of Contracts §492 comment 6. Whether that test has been met depends upon the factual circumstances surrounding the whole transaction. *Weather-gard Industries Inc. vs. Fairfield Savings & Loan Assoc.* 110 Ill.App.2d 13 (1969). See also *Gerber Vs. First National Bank* 30 Ill.App.3d 716

Economic duress does not exists, by the mere fact Plaintiff Richards consent to the January 7th, 2005 release and settlement agreement, is secured by hard bargaining positions or pressure of financial circumstances, *Chouinard Vs. Chouinard* 568 F.2d 480 (5th Cir. 1978), or by being subjected to mere annoyance, vexation, personal embarrassment (Kaplan) there must have been some "imposition of oppression, undue influence, or the taking of undue advantage of the business or financial stress or extreme necessities or weakness[es] of another. *Buell Vs. Bell* 20 Ill.App.2d 82 at 95. In the present case, Plaintiff, Terence Bruce Richards, lost his home in a bankruptcy in July 2003, and had to move into a friend's home, where he lived, until, June 2004. He had, half of his retirement fund stolen by third party, Donald James Harrington, in which as the record, shows, was shoddy prosecuted, by Lake County State's Attorney's Office, for the theft, and the other half of the Plaintiff's property, went to paying the outstanding 401(k) loans, and $11,000.00 of that money, was again stolen by third party Donald James Harrington, see 2004 Theft, in the record. Plaintiff, Terence Bruce Richards, was living in River Inn Motel room, located the commonly known address of 1000 Northwest Highway, Fox

River Grove, Illinois 60021, under the financial support of Well of Living Water Ministry, with Kelly and Gary Tischart as lead ministers.

Economic duress differs from moral duress, primarily in the theoretical basis for recovery, which in both cases is release from obligation under the contract. Economic duress, permits release on the theory that the party is deemed to have lacked the mental capacity requisite to the making of the contract, *Kaplan Vs. Kaplan* 25 Ill.2d 181 , 186-87 (1962) whereas, moral duress permits release on the theory that "the party benefiting thereby has received money, property, or other advantage which in equity and good conscience he should not be permitted to retain. *Buell Vs. Bell* 20 Ill.App.2d 82 at 95. Broadly, plaintiff, Terence Bruce Richards, can seek relief, under the first one of these two theories, in that the first one, economic duress, plaintiff, Terence Bruce Richards, was in the state of mind, of needing relief from extreme relief of economic revival, as in the great depression, or as seen, in the individuals, who are living on the streets of Chicago, looking for a meal. Specifically, in a moral sense, Plaintiff, Terence Bruce Richards, can proceed under the unfair advantage of equity, in that plaintiff, Terence Bruce Richards, was terminated from his employment, because he was discriminated, as seen in the attached affidavit(s), under the Federal Bankruptcy Statute Title 11 U.S.C. §525, the Equal Protection Clause of the Fifth Amendment, because of his sexual orientation with a physical ailment, and having to co-operate with the Bankruptcy Trustee James E. Stevens, Title 11 U.S.C. §521(4), because, third party, Donald James Harrington, was not co-operating with the courts.

Under either theory, to sufficiently recover under either economic duress, or moral duress, Plaintiff, Terence Bruce Richards, must demonstrate, that he was induced to enter into a contract by some wrongful act of HSBC Technology & Services (USA) Inc.

As shown in Robert Barry's Affidavit he allegedly discovered the incriminating letter (See Exhibit "C"), in plain view on Plaintiff, Terence Bruce Richards, desk, which is clearly shown to have been faxed on March 8th, 2004, to defendant James E. Stevens from an unknown source, but the attorney's disguised this fact, in the affidavit, by placing it, as the last item, to allegedly have been found, and was done during the broad time period of "during the week of March 8th, 2004". This was to cover up the fact, that plaintiff's Richards's complaint, was valid, but, to take advantage of Plaintiff, Terence Bruce Richards's, they changed, individual, placement of liability from Robert Barry, to Michael Woodward, by using the Comprehensive Crime Policy, as a decoy, under Restatement of Torts (Second), to mislead, and make false statement(s), including, by claiming that the Comprehensive Crime Policy, was in effect, on March 15th, 2004, when they altered the policy, on June 17th, 2004, and gaining the assistance of Bankruptcy Trustee James E. Stevens, in which, plaintiff, was unable to make a valid claim, and depriving him from acting under his free will, because, he had very limited access to the law library.

Plaintiff, Terence Bruce Richards, an employee-at-will entered into the settlement agreement, under the threat, that he will not be able to obtain his

second payment, in July 2005, pursuant to the Release and Settlement Agreement, entered into on January 7th, 2005, if he request, his employment during the time period, does constitute as a threat of discharge and a sufficient pleading to merit the resolution of the issue by the tier of fact. *Laemmar Vs. J. Walter Thompson Co.* (7th Cir. 1970) 435 F.2d 680.

> As a matter of law, the threat of discharge from one's employment may constitute duress which would make voidable a contract executed while a party was under such a threat. Whether a threat does constitute duress, in a particular situation, however, is question of fact, which must be resolved by the trier of fact. *Laemmar Vs. J. Walter Thompson Co.* 435 F.2d 680 (1970).

In *Piper Vs. Board of Trustee's* 99 Ill.App.3d 752, 758-59, a community college employee sought to rescind her resignation on the basis of duress. She alleged in fact, that she was a longtime employee, and received an evaluation of "average" in April, had received a one year contract in April to begin in July, and that on July 18th, she was told if she did not resign a letter of immediate dismissal would be forthcoming. The Appellate Court for the Third District, in upholding her complaint as stating a cause of action and reversing the trial court's dismissal stated:

> "Plaintiff, alleged that there was no basis for institution of dismissal proceedings as there was in *Ragen* is an indication that a designation obtained in order to avoid dismissal proceedings which have at least a disputed basis in fact will not be considered as being under duress, even though the employee had become nervous and fearful. Contrariwise, when there is no *prima facia* factual basis for invoking dismissal procedure and this is combined with severe emotional strain and confusion, a factual question is raised as to the existence of duress and undue influence, and the trial court was in error holding as a matter [of] law that they were absent Ododizza *Piper Vs. Board of Trustees* 79 Ill.App.3d 152, 158-59 (1981).

In the present case, there was no factual basis for invoking dismissal procedures, based on the lack of the *prima facia* element of intent, just because, Plaintiff, Richards, had financial knowledge, does not make him guilty of a crime, or bankruptcy fraud, and because, of the strain of having to serve two masters, HSBC Technology & Services (USA) Inc. and the bankruptcy court, caused a strain upon plaintiff Richards, to being in two places at one time, this was not grounds for a dismissal proceeding, instituted on March 15th, 2004, against Plaintiff, Richards.

### 42 U.S.C. §1983 Claim – Generally

The civil rights act (42 U.S.C. §1983) gives the right of action against a person, who under color of state law, custom, or usage, subjects another to deprivation of any rights, privileges, or immunities, secured by the federal constitution, has several purposes:

1.) It overrides certain kinds of state laws

2.) It provides a remedy, where state law is inadequate

3.) It provides federal remedy, where state remedy, though adequate in theory, is not available in practice

*Monroe Vs. Pape* 365 U.S. 167 (1961)

In the instant action, Plaintiff, Terence Bruce Richards, is bringing this Title 42 U.S.C. §1983 case against HSBC Technology & Services (USA) Inc. for the unlawful meeting of the minds with Bankruptcy Trustee James E. Stevens to do an overt action involving, plaintiff, Terence Bruce Richards. Defendant HSBC Technology & Services (USA) Inc., is one of the actor(s), who deprived plaintiff

Terence Bruce Richards of his Constitutional rights, specifically, the Fifth Amendment's Due Process clause.

For Plaintiff, Terence Bruce Richards to prevail on a claim under Title 42 U.S.C. §1983, or it(s) federal analogous *Bivens* claim, pursuant to *Bivens Vs. Six Unknown Federal Narcotic(s) Agents* 403 U.S. 388 (1971), upon which relief may be granted to Plaintiff, Richards, requires the inquiry into at least two element(s), which requires two separate areas of inquiry:

> First, Plaintiff Richards is bound to show that he was deprived of a right "secured by the United States Constitution and laws" of the United States.
>
> Second, Plaintiff Richards must show that HSBC Technology & Services (USA) Inc. deprived him of this right acting "under color of any statute"
>
> *Flagg Bros. Inc. Vs. Brooks* 436 U.S. 149 at 155-56 citing
> *Adickes Vs. S.H. Kress & Co.* 398 U.S. 144, 150 (1970)

In particular, Plaintiff Richards, must demonstrate, that HSBC Technology & Services (USA) Inc. and James E. Stevens, were acting "under the color of federal law" when the two deprived, Plaintiff, Richards, of his right to Due Process, to the issue of "intent" element, of the cause of action of fraud. This "under color of federal law" element of a Biven's action is satisfied even when the defendant(s) don't misuse or abuse their power, so long as that power is conferred by federal law and James E. Stevens is clothed with the authority of federal law.

Indeed, the United States Supreme Court ruled in *United States Vs. Classic* 313 U.S. 299 (1941), that "misuse of power, possessed by virtue of federal law and made possible only because of the wrongdoer is clothed with the authority of federal law is considered action taken "under color of federal law" id 313 at 326 (citing *Ex*

*Parte Virginia* 100 U.S. (10 Otto) 339 (1880). See also *Lugar vs. Edmundson Oil Co.* 457 U.S. 422, 429 (1982).

When HSBC Technology & Services (USA) Inc. acts in a joint conspiracy, an agreement of the minds, on a joint course of action, like holding an adversary hearing (adversary hearing 04A7077), in which HSBC Technology & Services (USA) Inc. and James E. Stevens, a federally court appointed attorney (trustee), who abuses his court appointed authority, have a common goal, to prevent plaintiff Richards from recovering his employment (property rights) is acting under color of federal law and is subject to a Biven's claim. *Adickes Vs. S.H. Kress & Co.* 398 U.S. 144, 152 (1970) See also *Lugar Vs. Edmundson* 457 U.S. 922 (1982).

Specifically, the United States Supreme Court, in *Adickes Vs. S. H. Kress & Company* 398 U.S. 144 held that:

> Although this is a lawsuit against a private party, not the State or one of it's officials; our cases make clear, that petitioner will have made out a violation of her Fourteenth Amendment rights and will be entitled to relief under §1983, if she can prove that a [lunchroom] employee, in the course of employment, and a Hattiesburg Police Officer *somehow reached an understanding* to deny Miss Adickes service in the [lunchroom], or to cause her subsequent arrest because she was a white person, in the company of *negros*... private persons *jointly engaged with Federal Officials in the prohibited action,* are acting under color of law for the purposes of the Statute to act "under color of law" does not require that the accused be an officer of the state, it is enough that he is *a willful participant in joint activity* with the government or it's agents.
> Id. At 152 (citing *United States Vs. Price* 383 U.S. 787)(emphasis added) See also *Dennis Vs. Sparks* 449 U.S. 24, 27-28.

Specifically, the alleged conduct that allegedly caused the deprivation of a federal right [must]be fairly attributable to the government, before the action will be

considered to be government action. *Lugar Vs. Edmundson Oil Co.* 457 U.S. 922, 937 (1982).

In *Lugar Vs. Edmundson Oil Co.* 457 U.S. 922 (1982), the United States Supreme Court outlined a two-part approach in determining the presence or absence of state action to determine fair attribution to government:

> First, the deprivation must be caused by the exercise of some right or Privilege created by the government or by a rule of conduct imposed by the federal government or by a person for whom the government is responsible.
>
> Second, the party charged with the deprivation must be a person who may fairly be said to be a government actor. This may be because he is a government official; because he has acted together with or has obtained significant aid from a government official, or because his conduct is otherwise chargeable to the government.

Under the first, prong, or federal causation requirement of the *Lugar*, approach requires the deprivation was caused by the exercise of some federally-created right or privilege, by a rule of conduct imposed by federal government, or by a person for whom the federal government is responsible. 457 U.S. at 937, the instant case, Plaintiff Richards, who has a privilege to file for bankruptcy, under Title 11 U.S.C., just like any other American, for example, Chyrsler or General Motors Corporation, has the privilege to file for bankruptcy protection, without discrimination under Title 11 U.S.C. §525, or the Equal Protection clause of the Fifth Amendment of the United States Constitution, based on his sexual orientation, with a physical ailment. HSBC Technology & Services (USA) Inc. has the right to discontinue the plaintiff's professional at-will employment status, under

the Federal Labor Relations statutes 29 U.S.C. and the Code of Federal Regulations 29 C.F.R. at any time, without cause, except, in an illegal manner or procedure.

Under the second prong, a private party, who exercises a right having its source in state authority – *Lugar's* first requirement, is not considered a government actor – *Lugar's* second requirement – absent "something more" *id* at 937-39, determining what constitutes "something more" is far from a precise task. In *Lugar*, the Court referred to its own use of several different test in making this determination, including the "public function" test, See *Terry Vs. Adams* 345 U.S. 461 (1953); *Marsh Vs. Alabama* 326 U.S. 501; the "state compulsion" test, See *Adickes Vs. S.H. Kress & Co.* 398 U.S. 144 (1970); the "nexus" test, see *Jackson Vs. Metropolitan Edison Company* 419 U.S. 345 (1974); the "joint action" test see *Flagg Bros. Inc. Vs. Brooks* 436 U.S. 149 (1978). The United States Supreme Court questioned whether these tests are actually different ways of characterizing the necessary fact-bound inquiry that confronts the Court in such a situation. *Lugar* 457 U.S. at 939. The Court concluded that, in the final analysis, the government action determination must be based on the specific facts and the entire context of a given case. "Only by sifting facts and weighing circumstances can the nonobvious involvement of the government in private conduct be attributed to its true significance". *Id.* In this instant case, HSBC Technology & Services (USA) Inc. encouraged, and prompted, the Bankruptcy Trustee, James E. Stevens to file the adversary hearing 04A7077 against Plaintiff, Richards, as on July 7th, 2004, Plaintiff, Terence Bruce Richards, requested, the Cook County Municipal court civil

case, to be remanded to the Bankruptcy court, for a ruling, and Bankruptcy Trustee, James E. Stevens, reminded the court, that he must file the adversary hearing case 04 A 7077, in which he did on July 13th, 2004. See Exhibit "B" [Docket Sheet] of the Affidavit of Bankruptcy Adversary Hearing 04A7077 in Support of Affidavit of Undisputed Facts in support of Motion for Partial Summary Judgment, against HSBC Technology & Services (USA) Inc.

In *Tulsa Professional Collection Service Inc. Vs. Pope* 485 U.S. 478 (1988), the United States Supreme Court concluded that the activities of a probate court in a dispute between two private parties caused the acts of one party to amount to government action. The United States Supreme Court's reasoning was that the role of the probate court was "so pervasive and substantial that it must be considered government action subject to restrictions of the Fourteenth Amendment *Id.* At 487. The United States Supreme Court concluded that whenever private parties make use of government procedures with the overt significant assistance of government officials, government action may be found. *Id.* at 486.

In the instant case, Bankruptcy Trustee James E. Stevens and Bankruptcy Judge Manual Barbosa was so pervasive and substantial, in instituting, and conducting the hearing, without sufficient evidence, to conduct the hearing, was a violation of Plaintiff, Richards, Due Process Constitutional rights. This was the result of HSBC Technology & Services (USA) Inc. to make use of the Bankruptcy Court, with the assistance of James E. Stevens states "governmental" action.

*[signature]*