# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE BRUCE RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08 C 6810 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | HONORABLE DAVID H. COAR |
| DEPARTMENT OF JUSTICE, COUNTY | ) | |
| OF LAKE, CITY OF WAUKEGAN, | ) | |
| FEDERAL DEFENDER PROGRAM, | ) | |
| HSBC TECHNOLOGY & SERVICES USA, | ) | |
| INC., MANUEL BARBOSA, JAMES E. | ) | |
| STEVENS, DANIEL KLEINHUBERT, | ) | |
| DETECTIVE SZUCHNICKI, PAUL | ) | |
| FLYNN, SUSAN HANSON, JAMES | ) | |
| HARRINGTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Terence Richards, *pro se*, has filed a 93-page, 34-count complaint, alleging claims under 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), along with various state-law claims, against thirteen state, federal, corporate, and individual defendants. The defendants have filed separate motions to dismiss Richards's complaint. For the following reasons, those motions are GRANTED. Richards's complaint is dismissed with prejudice.

### (I) BACKGROUND

Over the last five years, Terence Richards has filed an extraordinary number of lawsuits: seventeen previous suits in this court alone, plus fourteen appeals in the Seventh Circuit, and

numerous suits in the Illinois state courts.[1]  These suits have all arisen from the events surrounding Richards's prior bankruptcy and criminal proceedings (Nos. 03 B 71403, 07 CR 233).  In his latest omnibus complaint, Richards alleges that many of the defendants to his previous suits and two new defendants, acting individually and as members of various overlapping conspiracies, "scapegoated" him for the "sins" of his "acquaintance," Donald Harrington, to whom Richards lost tens of thousands of dollars; illegally convicted and incarcerated him; "embezzled" his money through bankruptcy proceedings; and generally destroyed his life.  Over the course of Richards's prodigious litigation, other courts have set forth the admittedly unfortunate series of events that has given rise to his repeated complaints.  Thus, the court provides only a capsule summary, to help put Richards's claims into some perspective.

From the fall of 2002 through the spring of 2003, Richards went on a "manic shopping spree" for the benefit of Donald Harrington.  Perhaps as a result of this "spree," Richards filed for bankruptcy in March 2003.  In April of that year, Richards withdrew over $45,000 from his retirement account, but Harrington stole his money before Richards could deposit it in his bank account.  Harrington was charged with felony theft; he pleaded guilty to misdemeanor theft.  The plea agreement, negotiated by Assistant State's Attorney Daniel Kleinhubert, did not include restitution to Richards, and the bankruptcy court was unable to recover the funds Richards had lost to Harrington.

On June 4, 2004, Detective Szuchnicki arrested Richards for violating an emergency order of protection, issued on June 2, 2004, which prevented Richards from approaching Donald Harrington or his wife, Lourdes Harrington.  Richards was tried in the Circuit Court of Lake

---

[1] The previous district-court case numbers are: Nos. 04 C 5122, 04 C 50290, 05 C 1096, 05 C 2632, 05 C 2634, 05 C 2923, 05 C 3312, 07 C 1528, 07 C 1646, 07 C 1732, 07 C 1907, 07 C 2656, 07 C 3275, 07 C 3643, 07 C 4789, 07 C 50062, 08 C 4037.  The appeals are: Nos. 07-2289, 07-2258, 07-2546, 07-2559, 07-2798, 07-2880, 07-2893, 07-2954, 07-3360, 07-3558, 08-1311, 08-2759, 08-3087, 08-4193.

County and acquitted on May 10, 2005.  As a result of these events, Richards filed two state-court suits against Detective Szuchnicki and the City of Waukegan on April 25, 2005 and June 8, 2005 (Nos. 05 L 369, 05 L 4592, which were consolidated).  Richards alleged, as he does in the present suit, that Detective Szuchnicki framed him by lying, in the police report, about Richards's whereabouts at the time of his arrest.  After these complaints were dismissed as insufficient in law, Richards reiterated his allegations against the detective in this court (No. 07 C 2656).  His complaint was dismissed with prejudice on January 29, 2008.

Meanwhile, in February 2005, as Richards's state-court criminal trial approached, Bankruptcy Judge Manuel Barbosa revoked Richards's bankruptcy discharge.  Richards blamed his bankruptcy trustee, James E. Stevens, for the court's decision, and sent him threatening letters.  Richards also sent threatening letters to Kleinhubert, expressing his anger over the perceived leniency of Donald Harrington's plea agreement and its lack of restitution to Richards.  On April 3, 2006, Richards was arrested by FBI Agent Karen Hanson, who was "tipped off" by James Harrington, Donald Harrington's father.  In November 2006, Richards pleaded guilty to two counts of transmitting a threatening communication in interstate commerce, *see* 18 U.S.C. § 875(c), and received a 30-month sentence.  On April 20, 2007, another prisoner attacked Richards after discovering that he is gay; he suffered two black eyes as a result of the attack.  Richards also claims he was sexually assaulted on January 8, 2008, in the Ashland Correctional Center, but he does not say who attacked him.

While in prison, Richards sued the U.S. attorney; the district judge who sentenced him; his court-appointed defense attorney, Paul Flynn; the bankruptcy judge, Manuel Barbosa; and the bankruptcy trustee, James E. Stevens, alleging, *inter alia*, that they conspired to violate his

constitutional rights and caused him to be illegally convicted and sentenced. This court screened his complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failure to state a claim. Richards now alleges that Agent Hanson and James Harrington also participated in this conspiracy.

Until March 15, 2004, Richards was employed as a computer programmer at HSBC Technology & Services USA, Inc. ("HSBC"), a financial services company. Richards left what he describes as a "false letter" "in plain view" on his desk. His supervisor, Robert Barry, discovered it on March 9, 2004. In this letter, Richards wrote to Stevens that he had defrauded various financial institutions in connection with his bankruptcy proceedings. Richards was fired, and Barry sent the letter to Stevens. Richards promptly filed three separate complaints against HSBC (Nos. 04 M 3001489, Circuit Court of Cook County; 04 C 50290, United States District Court for the Northern District of Illinois, Western Division; 04 C 5122, this court), all premised on the allegedly wrongful and discriminatory termination of his employment. HSBC and Richards settled these suits with a written settlement agreement, which contained a global release of all claims that Richards may have had against HSBC. Richards has never alleged that HSBC breached any term of the settlement; nevertheless, he filed a fourth complaint, in this court, on March 23, 2007 (No. 07 C 01646). It was dismissed for failure to prosecute.

Some claims and some defendants in this case have already been dismissed. Pursuant to Richards's own motions, Judge Barbosa (named in Counts II, XV-XXIV) was dismissed as a defendant on June23, 2009; Kleinhubert (named in Counts I, II, XII, XIII, and XIV) and County of Lake (named in Counts XXVI, XXIX, XXXIII) were dismissed as defendants on June 18, 2009; and Counts XXVII (*Monell* liability against City of Waukegan) and XXI (cruel and unusual punishment) were dismissed on April 20, 2009. This opinion resolves the remaining defendants'

motions to dismiss the remaining claims.

## (II) ANALYSIS

*(a) Failure to State a Claim*

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (applying *Twombly* to "all civil actions"). A claim is plausible on its face if it contains well-pleaded factual allegations that, accepted as true, allow the court to draw a "reasonable inference" that the defendant is liable for the conduct alleged; the "sheer possibility that a defendant has acted unlawfully" is not enough. *Iqbal*, 129 S. Ct. at 1949. Factual allegations need not be "detailed" in order to be well-pleaded, but they must comprise more than "labels and conclusions" if they are to give the defendant fair notice of the "grounds of [the plaintiff's] entitlement to relief." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not well-pleaded factual allegations and are not entitled to an assumption of veracity. *Iqbal* 129 S. Ct. at 1949.

Complaints by *pro se* plaintiffs "are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Gil v. Reed*, 381 F.3d 649, 658 n.2 (7th Cir. 2004). But the problem with Richards's complaint is not just his inartful drafting. For many if not all of his claims, Richards points to no factual content that would plausibly entitle him to relief, no matter how much interpretive charity the court afforded him.

Count XXIV, alleging state-law torts of assault and battery, illustrates the general problem with Richards's complaint. Richards alleges that he was "placed in apprehension of being beaten as a result of the actions taken by" Flynn, Stevens, Harrington, and Agent Hanson, Compl., ¶ 354, and that the actions of these defendants "constituted and resulted in an offensive physical contact undertaken willfully, maliciously, arbitrarily, and irrationally proximately causing plaintiff RICHARDS injuries." *Id.* at ¶ 355; *see also* ¶¶ 240-43. But Richards specifically alleges that he was beaten by a prison inmate. *Id.* at ¶ 231. He also alleges that he was sexually assaulted while in prison, but does not say by whom. *Id.* at ¶ 241. The court finds that none of Richards's factual allegations support a reasonable inference that the named defendants had anything to do with these unfortunate events. Count XXIV therefore fails to state a plausible claim to relief. Count XXII suffers the same fate. Richards asserts a private right of action under Illinois' hate-crime statute. *See* 720 ILCS 5/12-7.1(c). But he still does not allege that any named defendant committed an act of violence against him; thus, he has not alleged that any named defendant committed one of the predicate offenses of a hate crime. Count XXIII similarly fails to state a plausible claim to relief; even if it did, the criminal statute Richards cites does not provide a private right of action. *See* 720 ILCS 5/25-1 ("Mob Action").

Richards's exceedingly long complaint contains far too many allegations like these—allegations that are sometimes formulaic, sometimes incoherent—to consider individually, and what factual content he musters along the way certainly has not "nudged [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. But even if it had, Richards's claims would still fail because of other, readily identifiable defects. In the interests of judicial economy, the court now turns to some of the most evident of these defects.

*(b) Res Judicata*

Richards continues his practice of making verbal changes to his legal theories from one lawsuit to the next, but his suits all arise from the same core of operative facts; for the most part, the present suit attempts to repackage claims that other courts have already, and often repeatedly, rejected as frivolous. Not surprisingly, much of the present suit can be dismissed on res judicata grounds: in many instances, Richards sues the same parties over the same transactions (identified by their "operative facts") after a final judgment on the merits has already been entered. *See U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009) (elements of claim preclusion). Claim preclusion bars a plaintiff from raising any claims that *could have been* raised in the prior suit(s), in addition to those that were *actually* raised. *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995).

For example, Richards now sues his former employer, HSBC, for the fifth time, asserting ten claims (Counts V-XIV) that all were or could have been raised in his previous suits. Final judgment has been entered twice already in Richards's suits against HSBC. First, the preclusive effect of the settlement agreement between Richards and HSBC, which terminated the first three suits, is the same as that of a final judgment on the merits, and "pertains to any issue which might have been raised in the [prior] proceedings." *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000) (internal citations omitted). But the scope of these issues, or for that matter, of the agreement's release clause, need not be determined; Richards subsequently filed a fourth suit that would, in any event, preclude the claims he now asserts. That suit (*"HSBC IV,"* No. 07 C 1646) was dismissed for failure to prosecute after Richards failed to pay the filing fee, and the court of appeals affirmed dismissal. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 F.

App'x 356 (7th Cir. 2008) (non-precedential disposition). Final judgment on the merits was therefore entered. *See* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute "operates as an adjudication on the merits").

The complaint in *HSBC IV* was much the same as the present complaint: both include counts of willful and wanton misconduct, fraudulent misrepresentation, defamation, interference with a prospective contractual agreement, and an action under 42 U.S.C. § 1983 for alleged deprivation (by a non-state actor) of an unintelligible liberty interest. Richards may not undermine the final judgment in *HSBC IV*—or the settlement agreement, for that matter—by relitigating these claims. And he may not do so by recasting his allegations about the same "operative facts" into new theories of conspiracy, false light, duress, and deprivation of his first-amendment speech rights (again, by a non-state actor). Therefore, the preclusive effects of *HSBC IV* and the settlement agreement bar all claims against HSBC (Counts V-XIV). Counts XII-XIV are also barred as to Stevens, who was named as a codefendant in *HSBC IV*.

Detective Szuchnicki and the City of Waukegan are not strangers to Richards's penchant for relitigating old claims either. Richards filed two complaints against them in the Circuit Court of Lake County in 2004. His allegations of malicious prosecution, false imprisonment, fraudulent misrepresentation, and negligent infliction of emotional distress arose from his arrest by Detective Szuchnicki on June 4, 2004 for violating an emergency order of protection, and from the detective's alleged falsification of evidence against Richards. After both complaints were dismissed without prejudice, Richards filed suit in this Court (No. 07 C 2656). He asserted a cause of action under 42 U.S.C. § 1983, for violations of his fourth and fourteenth amendment (substantive due process) rights, and supplemental state-tort claims of malicious prosecution and

willful and wanton misconduct—again arising from his June 4, 2004 arrest. Richards's § 1983 action was dismissed with prejudice after he was granted leave to amend four times, and his state-law claims were dismissed without prejudice, so that he may pursue them (again) in state court, if he so chose. Richards filed Rule 59(e) and Rule 60(b) motions, was warned that Rule 11 sanctions were imminent, and then filed the present suit. Once again, Richards complains that Detective Szuchnicki arrested him without probable cause and "falsified" or "fabricated" evidence in his police report in an attempt to frame Richards. Compl. ¶¶ 142-150. This time, Richards adds a plainly frivolous "class of one" equal protection argument in Count III, coupled with conclusory allegations that Detective Szuchnicki "acted with discriminatory intent" because of Richards's "sexual orientation" and "physical impairment." *Id.* at ¶ 143. Richards had access to the police report when filing his previous suits; thus, the time for these bald allegations has long since past. Accordingly, Richards's claims against Detective Szuchnicki (Counts III-IV, XII-XIV) are barred by principles of res judicata. His derivative-liability claims against the City of Waukegan, based on *Monell* liability (Count XXXIV) and statutory indemnification (Count XXX), fail with his claims against Detective Szuchnicki.

There is little to gain by belaboring the point or revisiting the details of Richards's voluminous litigation history any further. Suffice it to say that Richards alleges nothing in his present suit against the United States or the Department of Justice that he did not or could not have raised before, in one of his many previous suits in which they were named as codefendants. *See, e.g.*, Nos. 07 C 3275 (dismissed July 25, 2007) (appeal dismissed and fee assessed, No.07-2954 (7th Cir. March 17, 2008)); 07 C 1646 (dismissed June 3, 2007) (*aff'd*, No. 08-2759 (7th Cir. December 12, 2008)); 07 C 50062 (dismissed as frivolous July 31, 2007); 08 C 4037

(dismissed *sua sponte* as frivolous July 18, 2008). All claims against the United States and the Department of Justice (Counts XV-XX, XXII-XXIIV, XXVIII, XXXI) are barred on grounds of res judicata.

Furthermore, Richards seeks to use a state-law indemnification provision (Count XVIII) and *respondeat superior* principles (Count XXXI) to hold the Department of Justice liable for any damages awarded in his *Bivens* actions against Agent Hanson. But the United States has not waived its sovereign immunity to damage claims in constitutional tort actions. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (federal agencies immune from *Bivens* actions alleging violations of constitutional rights); *Marozsan v. United States*, 90 F.3d 1284, 1288 (7th Cir. 1996) (sovereign immunity precludes *Bivens* action against United States based on *respondeat superior* liability). And of course, a state indemnification statute cannot waive the sovereign immunity of the United States.

### *(c) The Bivens Actions*

In Counts XV-XXI, Richards alleges that Defendants Flynn, Harrington, Stevens, and Hanson deprived him of various constitutional rights under the Fifth, Eighth, and Fourteenth Amendments. Richards asserts a cause of action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), seeking compensatory and punitive damages against Flynn and Harrington, and a declaratory judgment against Stevens and Agent Hanson.

These requests for relief are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent that Richards's allegations are at all coherent, he appears to attack the validity of his conviction and sentence: he complains that these defendants conspired to "wrongfully

incarcerate" him, generated "false documentation and criminal charges" against him, and caused him to be sentenced "outside the Federal Sentencing Guidelines." Compl. ¶¶ 197, 206, 208, 240. But Richards pleaded guilty and his sentence has not been "reversed on direct appeal, expunged by executive order . . . or called into question by a federal district court's issuance of a writ of habeas corpus." *See Heck*, 512 U.S. at 487. Richards's collateral attack "would necessarily imply the invalidity" of his conviction and sentence, no matter what relief he sought. *See id.*; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (*Heck* bars equitable relief under § 1983 if it "would necessarily demonstrate invalidity of confinement or its duration"). Richards's *Bivens* actions therefore all fail.

Even if Richards's *Bivens* actions were not barred by *Heck*, they would still fail against all defendants except Agent Hanson for want of federal action. Richards does not allege that Harrington or Stevens are federal officers acting under color of federal law, and indeed they are not. Harrington is the father of the "acquaintance" who helped drive Richards into bankruptcy; Stevens is Richards's appointed bankruptcy trustee. Although Richards has asked this Court to take judicial notice of Federal Defender Program's alleged status as a federal agency—hence Flynn's alleged status as a federal officer—he acknowledges, in the same breath, that the Federal Defender Program is in fact an Illinois not-for-profit corporation. Pl.'s Mot. for Judicial Notice (Dkt. No. 91). Flynn's appointment by a federal court to represent Richards on criminal charges does not make him a federal officer acting under color of federal law, just as an appointed attorney or public defender in state court is not a state official acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Agrawal v. Pallmeyer*, 2008 WL 450818, at *7 (N.D. Ill. Feb 15, 2008), *aff'd*, 313 F. App'x 866 (7th Cir. 2009) (non-precedential

disposition) (rejecting *Bivens* action against appointed counsel in federal court). Lastly, Richards attempts to rope these individual defendants into his *Bivens* actions with his groundless allegation, in Count XV, that they conspired with a federal officer. At least one other district court has rejected this tactic, and the court concurs. *See Kefalos v. Axelrod*, 2005 WL 2493375 (S.D. Ohio Oct. 7, 2005) (refusing to extend *Bivens* action to court-appointed counsel's alleged conspiracy with federal officials). Counts XV-XXI therefore fail as to Flynn, Harrington, and Stevens. Count XXXII, Richards's claim of *respondeat superior* liability against the Federal Defender Program, fails with his claims against Flynn.

Moreover, Richards could not sue Stevens for his conduct as a bankruptcy trustee without first obtaining leave of the court that appointed him. *See In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). Richards attempts to circumvent the leave-to-sue requirement by claiming to sue Stevens "in his individual capacity." Compl. ¶ 15. This simply isn't so. Most of Richards's allegations are indecipherable and fail to state any sort of claim against Stevens, but to the extent that Richards musters any discernable factual content, it clearly involves Stevens's duties as a trustee. *See, e.g.*, *id.* at ¶ 75 (filed citation to discover assets), ¶¶ 58-59 (moved to rescind no asset report), ¶ 60 (filed adversary complaint to recover stolen property), ¶ 153-61 (filed adversary hearing and issued complaint to revoke Richards's discharge). This court has already dismissed a previous complaint (No. 07 C 1907, dismissed September 13, 2007) because Richards had not obtained leave of the bankruptcy court to sue Stevens for actions taken within the course of his duties as a trustee. Nothing has changed since then.

*(d) HSBC's Motion to Bar Further Filings*

HSBC has also moved this court to bar Richards from filing any further suit against HSBC without prior leave of court. Richards has amply demonstrated that dismissing his complaints with prejudice is not enough to dispose of his claims; nor is the execution of a settlement agreement. He has been warned by the court of appeals that his litigiousness and unpaid filing fees may subject him to a *Mack* bar. *See Richards v. Kleinhubert.*, 263 F. App'x 493, 495 (7th Cir. 2008) (non-precedential disposition). He has been ordered to show cause why he should not be sanctioned for pursuing a frivolous appeal against HSBC. *See Richards*, 303 F. App'x at 357. His claims have been heard and rejected repeatedly. Further filings by Richards will needlessly expend this court's resources and subject HSBC to further suit after two final judgments have been reached. Accordingly, the court exercises its "ample" authority to enjoin Richards from filing any further papers against HSBC without first obtaining leave of this court. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

### III. CONCLUSION

For the foregoing reasons, Defendant City of Waukegan's motion to dismiss, Detective Szuchnicki's motion to dismiss, Defendant James E. Stevens's motion to dismiss, Defendant James Harrington's motion to dismiss, Defendant HSBC Technology & Services USA's motion to dismiss and to bar further lawsuits against HSBC without prior leave of court, Defendant Paul Flynn, Federal Defender Program's motion to dismiss Counts XV-XXIV & XXXII, and Defendants Manuel Barbosa, Susan Hanson, United States of America, Department of Justice's motion to dismiss are GRANTED. Richards's complaint is dismissed with prejudice.

Enter:

/s/ David H. Coar

_____

David H. Coar

United States District Judge

**Dated: September 11, 2009**