**FILED**
OCT 0 9 2009
Oct 09 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE NORTHERN ILLINOIS DISTRICT COURT
EASTERN DIVISION

| | |
|---|---|
| Terence Bruce Richards<br>    Plaintiff | )<br>)<br>) |
| Vs. | ) Case Number 08 CV 6810<br>)<br>) Honorable District Judge: |
| United States of America Et. Al.<br>    Defendant(s) | )    David Coar<br>) |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE JUDGMENT, PURSUANT TO FED. R. CIV. PROC. 60(b)(1)

### "Finality of Judgments"

The September 11th, 2009, final judgment entered into this instant action, 08 CV6810, presiding in the Northern Illinois District Court, is considered a "final" judgment, only if it determines and disposes of the issues raised by the pleadings and/or terminates the litigation on the merits. *Budinick Vs. Becton, Dickinson, and Co.* 486 U.S. 196 (1988). Judgments in judicial cases are often deemed final for the purpose of determining whether it may be appealed or for other reasons. *Clark Vs. Williard* 292 U.S. 112 (1934); see also *State of Iowa Vs. State of Illinois* 151 U.S. 238 (1894). For some purposes, a judgment is not regarded as final until the expiration of the period during which the judgment remains within the inherent power of the court to modify or vacate it. *McDowell Vs. Jarnagin* 56 Ill.App.2d 395 (3rd Dist. 1965). In this instant case, the September 11th, 2009, entered on September 16th, 2009, court judgment is not considered final, until, the Honorable District Judge David Coar, rules on this instant Motion to Vacate Judgment, pursuant to Fed.

R. Civ. Proc. 60(b)(1). However, it would be a waste of plaintiff, Terence Bruce Richards, time and energy, to enumerate upon the number of assaultive and offensive abuse of discretion errors, in the final judgment in this instant action. Only an insane individual would spend such time and energy to expend upon researching and communicating such abuses in the instant final judgment upon this instant action, because only an insane man would keep repeating the same action over again and again, expecting a different result to happen. But, what is more "nutty and delusional", is the judge, like Bankruptcy Judge Manuel Barbosa, to be sitting behind his bench, expecting that individual, to keep fighting idiosecrencies and total abuse of discretion, that is done knowingly, willfully and maliciously.

In the instant case, the Honorable District Judge David Coar still poses power, to place, plaintiff Terence Bruce Richards, back into the original condition and position, he was in before Bankruptcy Judge Manuel Barbosa willfully and maliciously used him as a "scapegoat", as defined in the complaint. Specifically, a court order is not final where substantial rights of the parties, like plaintiff Terence Bruce Richards in the action remain undetermined and where the cause is retained for further action. Specifically, Article III of the United States Constitution (found in Art. III, Section 2, Clause 1) gives, Honorable David Coar, the power to determine a case and controversy, and whether the case and controversy has been mooted. An exception to the "mootness" of a controversy exists, when the issues are due to be repetitious and repeating, and is evading judicial review. *Murphy Vs. Hunt* 455 U.S. 478

(1982). This instant case, 08 CV 6810, has been evading judicial review, for the past five years, and the defendant parties, have been "stalling" on the merits of the instant case. The test of finality is the substance, rather than the form, of the particular judgment. *Abood Vs. Detroit Bd. Of Education* 431 U. S. 209 (1977). By examining the PACER court docketing system, you will find in 2005, Plaintiff, Terence Bruce Richards, filed some cases, doing an inquiry, as to the allegations, that plaintiff, Terence Bruce Richards was using the courts for the furtherance of his relationship, rather than legitimately attempting to recover his stolen property. Then, while plaintiff, Terence Bruce Richards was incarcerated in Ashland Federal Correctional Institution, plaintiff Richards, filed cases, without any supporting documents, backing up his assertions and allegations, making the allegations, what is called "empty allegations". Once, plaintiff, Terence Bruce Richards, had some monetary funds, and had access to the supporting documents, he filed this instant action.

Finality of judgments is essential so that parties may rely on the judgments in ordering their private affairs, and so that the *moral* (emphasis added) force of the court judgments will not be undermined. *Clark Vs. Troutman* 509 Pa. 336 (1985). In this instant action, the moral force, of the District Court of the Northern District of Illinois, should be the same, as the Holy Bible, on the topic of prostitution. Third party, Donald James Harrington, the son of James Harrington, a defendant in the instant action, has been prostituting himself since, 2002. Plaintiff Terence Bruce Richards, strongly believes, that the moral force of the Northern Illinois District Court should be

discontinue, third party Donald James Harrington from wanting to drop his trousers, for any stranger that happens to ring his cellular phone, or any communication device, that can be used to contact him for a prostitution proposition. Plaintiff, Terence Bruce Richards, was powerless to third party Donald James Harrington, from wanting to sell his body to the highest bidder, by attempting to assist third party Donald James Harrington, into going to Carthage College, a school he never attended or enrolled. Plaintiff Terence Bruce Richards would have incarcerated this individual, in 2003, for the theft of the $45,662.13, if that was a viable option. Plaintiff Terence Bruce Richards did not attack this action with a willful hatred and a malicious conscience. However, plaintiff Terence Bruce Richards was the individual, whom everyone (as in the defendant(s) in this instant action), used as a scapegoat, purporting, plaintiff Terence Bruce Richards, was using the courts for the furtherance of his relationship.

### "Rule 60(b)"

The purpose of Federal Rules of Civil Procedure 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments, whether they are entered by default see Fed. R. Civ. Proc. 55(c), or otherwise. By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice

be done in light of all the facts" *Bankers Mortgage Corp. Vs. United States* 423 F.2d 73, 77 (5th Cir. 1970).

### "Rule 60(b)(1)"

Rule 60(b) and its counterparts in State Statutes have proven themselves to be valuable, equitable, and humane discretionary powers by which Honorable District judges, like Honorable District Judge David Coar has been able to relieve the oppressed litigant's like plaintiff Terence Bruce Richards from the burden of judgments unfairly, fraudulently, and mistakenly entered. *Edwards Vs. Velvac Inc.* 19 F.R.D. 504, 507.

Federal Rules of Civil Procedure, rule 60(b)(1),

> On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect

In the Seventh Circuit, at least, it is clear that the mistake or inadvertence warranting relief "can be on the part of the court rather than the parties". *Buggs Vs. Elgin, Joliet, & Eastern Ry. Co.* 852 F.2d 319, 322 (7th Cir. 1988). Compare *Barrier Vs. Beaver* 712 F.2d 231, 234 (6th Cir. 1983)("'[T]he word "mistake" as used in Rule 60(b)(1) encompasses any type of mistake or error on the part of the court, including a judicial mistake as to applicable law". This can be exemplified by the 1946 amendment which removed that restrictive qualification, that mistakes are only limited to mistakes on the part of the party. Judicial mistakes are included within the scope of Rule 60(b). See Fed.

R. Civ. Proc. 60(b) advisory committee notes, 7 Moore, Federal Practice, ¶ 60.22 [3], pg. 60-186.

As a general proposition, type "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. 7 Moore, Federal Practice ¶60.22 (2), pgs. 60-175-179. In the instant case, Honorable District Judge David Coar, has made a substantive mistake of law, for example, in the court procceding dismissing Bankruptcy Judge Manuel Barbosa, Honorable District Judge David Coar, claimed that, Bankruptcy Judge Manuel Barbosa has judicial immunity. The Seventh Circuit Court of Appeals, has asserted, that the doctrine of judicial immunity does not apply to declaratory judgment claims seeking such preventive relief. *Scruggs Vs. Moellering* 870 F.2d 376, 378 (9th Cir. 1989). (citing *Pulliam Vs. Allen* 466 U.S. 522, 541 (1984)). Consequently, judges may be sued in actions seeking to enjoin them from pursuing a course of unlawful conduct. *Id.* To succeed in a federal claim for declaratory relief, a plaintiff must prove that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be real and immediate, not conjectural or hypothetical. *Horton Vs. Marovich* 925 F.Supp. 532, 539 (N. D. Ill. 1996)(quoting *City of Los Angeles vs. Lyons* 461 U.S. 95 (1983)).

However, "reconsideration of a point of law under Rule 60(b)(1)" is allowable only "when relief from judgment is sought within the normal time for taking an appeal)", because Rule 60(b) is not intended to be a substitute for a direct appeal. *Morals Vs. Adam-Mill's Corp.* 758 F.2d 1352, 1356-57 (10th Cir. 1985).

### "Rule 8(a)(2)"

According to Federal Rule 8(a)(2), the heart of an affirmative federal pleading need consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief". As the text of the rule makes clear, all that is necessary is that the claim for relief be stated with brevity, conciseness, and clarity. A standard articulated many times over by federal courts throughout the country. *Mason Vs. Southern Illinois University at Carbondale* 233 F.3d 1036 (7th Cir. 2000). See also *Dewalt Vs. Carter* 224 F.3d 607 (7th Cir. 2000). The basic objective of Rule 8(a)(2) is to avoid, plaintiff, Terence Bruce Richards, civil case from being dismissed on technicalities, and to require that the pleading discharge the function of giving the opposing party fair notice of the nature and basis or grounds of the pleader's claim and a general indication of the type of litigation that is involved; indeed, as the United States Supreme Court and every appellate court, including the Seventh Circuit Court of Appeals have clearly stated, it is this notice function that represents the core of the pleading process under the federal rules. *Hoskins Vs. Poelstra* 320 F.3d 761 (7th Cir. 2003).

It was the design of the rule makers that the discovery procedures, enumerated in Federal Rules of Civil Procedure, specifically rules 26 through 37, should give the parties an opportunity for securing an elaboration of the allegations and that process and not the pleadings bears the burden of filling in the details of the dispute for the parties and the court. *Walker Vs. Winfrey* 141 F.3d 322 (7th Cir. 1998) (Plaintiff need only provide notice to defendant and need not allege dates or details in complaint; such minutiae are properly left for discovery).

Terence Bruce Richards
721 West Belmont Ave. Suite 311
Chicago, Illinois 60657